IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA CARTEE-HARING**, *Plaintiff,*<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT**, *Defendant.* | **CIVIL ACTION NO. 20-1995** |
| **DAWN MARINELLO,** on behalf of herself and similarly situated plaintiffs, *Plaintiff*,<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT**, *Defendant*. | **CIVIL ACTION NO. 21-2587** |

**MEMORANDUM RE: DEFENDANT CENTRAL BUCKS SCHOOL DISTRICT'S MOTION TO CERTIFY ORDER FOR APPEAL**

**BAYLSON, J.**                                                                                         **OCTOBER 31, 2022**

## I.   INTRODUCTION

Plaintiff Rebecca Cartee-Haring is a female schoolteacher who brings claims under the federal Equal Pay Act ("EPA") statute and its Pennsylvania analog for pay discrimination by her employer, Defendant Central Bucks School District ("Defendant"). Plaintiff Dawn Marinello is also a female schoolteacher and brings similar claims under the same statutes in her case on behalf of herself and similarly situated plaintiffs. The Court decided to certify these consolidated cases as a collective action[1] over Defendant's objection that Plaintiffs are not entitled to damages that

---

[1] "An action to recover the liability [under the EPA] may be maintained against any employer [] in any Federal or State court . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

1

occurred outside of the EPA's three-year statute of limitations. Based on this objection, Defendant now moves to certify for interlocutory appeal the Court's decision to certify Plaintiff Marinello's collective action. For the following reasons, Defendant's motion will be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The full factual background of this consolidated action as it pertains to Plaintiffs' claims was explained in detail in the Court's prior opinion granting final certification for the collective action. Cartee-Haring v. Central Bucks Sch. Dist., No. 20-1995, 2022 WL 3647819, at *1-4 (E.D. Pa. Aug. 24, 2022). The Court found after holding an evidentiary hearing on June 28, 2022 that Plaintiffs had established through the testimony of several witnesses that by a preponderance of the evidence the Defendant's Salary Schedule paid female employees less than their male counterparts. Plaintiffs' collective action alleged a putative class that included similarly situated plaintiffs who were employed by Defendant as far back as January 1, 2000, which is the date Plaintiffs allege that Defendant officially began using the pay schedule they find offensive in this case. Id. at *2.

As for this consolidated case's procedural history, Plaintiff Cartee-Haring filed her original Complaint on April 22, 2020, followed by an Amended Complaint and a Second Amended Complaint. In November 2020, the Court partially granted without prejudice Defendant's motion to dismiss Plaintiff Cartee-Haring's Second Amended Complaint, with only the sex discrimination claim surviving, after which Plaintiff Cartee-Haring filed a Third Amended Complaint which revived the age and disability discrimination claims. Plaintiff Marinello filed her Complaint on June 8, 2021 as a putative collective action, and the Court consolidated the two cases in November 2021. The Court denied partial summary judgment on June 27, 2022. Plaintiff Marinello moved to certify the collective action, which the Court granted over Defendant's objection on August 24,

2022. On September 15, 2022, Defendant filed this motion to certify the Court's ruling for interlocutory appeal, to which Plaintiff Marinello responded on the same day.

### III. LEGAL STANDARD

In general, a matter may not be appealed to a court of appeals until a final judgment has been rendered by the district judge. 28 U.S.C. § 1291. A district court may certify an order for interlocutory appeal only upon finding: (1) the order involves a controlling question of law (2) upon which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). But, even if these threshold requirements are satisfied, the decision to certify an appeal rests within the discretion of the district court. United States v. Exide Corp., No. 00-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002) (Buckwalter, J.). The burden is on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (Huyett, J.). As an initial matter, there is a "strong presumption against interlocutory review of [certification] orders." Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 247 (3d Cir. 2013). As the Third Circuit has observed in general:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely.

Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958). The statutory preconditions of § 1292(b) "are to be strictly construed and applied." Id. at 435.

3

IV. **ANALYSIS**

A. **THE COURT'S ORDER CERTIFYING COLLECTIVE ACTION**

A statute of limitations wrinkle is the only issue raised by this motion. The Court held in its decision certifying Plaintiffs' collective class that similarly situated plaintiffs who were allegedly harmed by Defendant's unequal pay schedules from as far back as January 1, 2000 could be included in the collective action because Plaintiffs had set forth evidence of unequal payment from that time forward, and the discriminatory conduct constituted a 'continuing violation.' Defendant argued that the collective action could not be certified because such a class would likely include claims outside the EPA's three-year statute of limitations for willful violations.[2] Defendant described in its brief that the Third Circuit "has seemingly not ruled on this issue," and pointed to decisions by several other Circuit Courts of Appeals that it claimed supported its contention.

In considering Defendant's argument, the Court found that the Third Circuit had ruled on the issue in Miller v. Beneficial Management Corporation, which Defendant also cited in its brief opposing certification. In Miller, the Third Circuit reversed the district court's grant of summary judgment as to a female plaintiff's EPA claims on statute of limitations grounds because it found the district court had misapplied the accrual rules of an EPA cause of action. Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 842-44 (3d Cir. 1992). The district court had held that the statute of limitations for an EPA claim begins to run when the plaintiff has "constructive knowledge she was not making the same salary" as her male counterpart, which in Miller was the date the plaintiff "assumed the position" for which she claimed unequal pay. Id. at 842. The Third Circuit in Miller discarded this view and instead found that accrual for continuing violations under the EPA begins

---

[2] Violations of the EPA are subject to a two-year statute of limitations from the date the cause of action accrued, unless the violation was willful, in which case a three-year state of limitations applies. 29 U.S.C. § 255(a).

"on the date of the last occurrence of discrimination," which for the Miller plaintiff was when "[she] received her last . . . paycheck" from the discriminating employer. Id. at 842, 844. In doing so, the court revived claims that began in 1984 (the date the Miller plaintiff "assumed the position") despite the plaintiff filing her complaint many years later once she discovered the unequal pay scheme.

In deciding Plaintiffs' motion for certification of collective action, the Court applied Miller in addressing Defendant's statute of limitations argument and, after determining that Defendant's alleged violations constituted continuing violations[3], the Court found that accrual did not occur for all claims under the continuing violation until "the last unequal payment made to a female District teacher," with Plaintiffs setting forth evidence of unequal payment up to the date of the hearing. Cartee-Haring, No. 20-1995, 2022 WL 3647819, at *7.

Now, Defendant contends in its motion that the question of whether a plaintiff "may recover damages under the EPA for salary differentials outside of the statute of limitations period" is an issue of law that satisfies the 1292(b) standard for certification.

### B. STATUTE OF LIMITATIONS ISSUE DOES NOT SATISFY CERTIFICATION STANDARD

Defendant's motion fails on each requirement for certification, and the Court will address each in the order of Defendant's emphasis in its brief.[4]

---

[3] "Unequal payment constitutes a continuing violation when 'an employer's continued failure to pay the member of the lower paid sex the wage rate paid to the higher paid sex occurs. . . . It is no defense that the unequal payments began prior to the EPA's statutory period.'" Cartee-Haring, No. 20-1995, 2022 WL 3647819, at *7 (quoting Miller, 977 F.2d 834, 842). While Defendant does not contest in its motion the Court's determination, whether an EPA violation is 'continuing' is a factual determination and therefore cannot constitute a controlling question of law.

[4] The Court notes its disappointment with Plaintiffs' sparse briefing—a one-pager lacking legal arguments and citations—given the potential merit of a cogent response. Notwithstanding Plaintiffs' delinquency, the movant still has the burden to persuade the Court that certification is called for.

### 1. There are no substantial grounds for difference of opinion.

Defendant argues most fervently that there are substantial grounds for a difference of opinion. Reciting its original argument from its opposition to collective action certification, Defendant continues to argue, contrary to the Court's interpretation, that <u>Miller</u> does not permit older EPA claims to be brought against defendants and that instead <u>Miller</u> "merely held that plaintiffs are not precluded from recovering for unequal payment in the statutory period just because the unequal payments began outside the statutory period." Defendant's interpretation is understandable, but Defendant misreads the Court's application of <u>Miller</u> in the collective action context and loses sight of the spirit of EPA enforcement exemplified by <u>Miller</u>. <u>Miller</u> instructed district courts to focus on the discriminatory act, and here the discriminatory act has been long lasting and continuous, touching potential similarly situated plaintiffs over the years. <u>Miller</u>, 977 F.2d at 842 ("In employment discrimination suits, the proper focus of the statute of limitations inquiry 'is on the time of the <u>discriminatory act</u>, not the point at which the <u>consequences</u> of the act become painful'"). The Court in its certification opinion also found that Plaintiffs established they had only recently discovered the pay schedules were discriminatory, and that their employers had lied to them on several occasions about the discriminatory nature of their salaries.

The Court maintains that its interpretation of <u>Miller</u> remains true within the collective action context, and that the Court's prior ruling is consistent with <u>Miller</u>'s holding that "the statute of limitations begins to run on the date of the last occurrence of discrimination, rather than the first." <u>Miller</u>, 977 F.2d at 844. Using Title VII as an analog, the Third Circuit has addressed the importance of respecting the 'continuing violation' theory in discrimination cases, finding that "[t]he liberal application of the congressionally mandated filing period is consistent with the remedial purposes of Title VII and the liberal interpretation to be given to all Title VII provisions."

6

Bronze Shields, Inc v. New Jersey Dept. of Civil Service, 667 F.2d 1074, 1081 (3d Cir. 1981) (analyzing the 'continuing violation' theory).

Because the Third Circuit is clear on this issue and Defendant does not cite to any other precedential opinions within this jurisdiction that are to the contrary, there are no substantial grounds for difference of opinion.

### 2. The statute of limitations issue does not present a controlling question of law.

Defendant also argues that the statute of limitations issue involves a controlling question of law because it could dictate the number of potential opt-in plaintiffs and therefore the size of the litigation. The Court finds this argument unpersuasive because it is premature. Notice has not yet been executed, and potential class members have not been afforded a chance to opt-in. It is not clear at this point how large the class of potential opt-ins will be, and therefore whether it would prove significant enough to be a controlling question cognizable under the statute. See Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 549 (6th Cir. 2006) (conditional certification does not raise a controlling question of law because an appeal from final judgment could result in a "determin[ation] that part or all of the plaintiff group was improperly deemed to be similarly situated"). The difference between conditional and final certification is a non-factor here, where notice has not yet been executed and dispositive motions have not yet been filed.[5]

### 3. Immediate appeal will not advance the ultimate termination of the case.

Lastly, Defendant argues that granting certification on this issue would advance the ultimate termination of the litigation because it would reduce discovery burdens and make

---

[5] While a two-step collective certification analysis appears to be the norm, this approach is "nowhere mandated." Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 536 (3d Cir. 2012). Given the strength of the evidence provided by Plaintiffs at the June 2022 evidentiary hearing, the Court concluded that proceeding in stages would be an inefficient use of judicial resources because Plaintiffs had already met their burden for final certification. See Cartee-Haring, No. 20-1995, 2022 WL 3647819, at *5-6.

settlement more likely due to a more limited potential damages recovery. In other words, a favorable decision for Defendant would result in the litigation leverage it wants so as to minimize liability and its own costs. But aside from that, Defendant makes no argument as to why an appellate ruling on this issue would necessarily affect the Court's future opinion on any dispositive motions or other outstanding issues for the Court to decide going forward, and therefore does not warrant certification.

### C. **STAY OF PROCEEDINGS IS DENIED**

Because the Court is denying Defendant's motion, there is no need to stay the proceedings.

## V. **CONCLUSION**

For the above reasons, the Court will DENY Defendant's Motion to Certify the Court's Order for Appeal and will DENY the Motion for a Stay. An appropriate order follows.