IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARINELLO, individually and on behalf of similarly situated female employees, | : : : : : | |
| Plaintiff, | : : | Case No. 2:21-cv-2587 |
| v. | : : | |
| CENTRAL BUCKS SCHOOL DISTRICT, | : : | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff, Dawn Marinello, by and through her undersigned counsel, brings this collective action in her individual capacity, and on behalf of similarly situated women teachers employed by her employer, Central Bucks School District, for violation of her and their rights under the federal Equal Pay Act.

### Parties

1. Plaintiff, Dawn Marinello, is an adult woman and a citizen of Pennsylvania, individually and on behalf of all similarly situated women employed by Defendant.

2. Defendant, Central Bucks School District ("CBSD" or the "District"), is a public school district operating in Bucks County, Pennsylvania and is engaged in interstate commerce or in any industry or activity affecting interstate commerce and employed 20 or more employees for each working day during each of 20 or more calendar workweeks in each year from 2000 in Bucks County, PA.

**Jurisdiction**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that this lawsuit arises under the laws of the United States, specifically the Equal Pay Act, 29 U.S.C. § 206(d)(1).

**Factual Background**

4. Ms. Marinello has been employed as a teacher by the District beginning effective August 2016 and continuing through the present.

5. Prior to her employment with the District, Ms. Marinello obtained a Bachelors Degree from Ursinus College and a Masters Degree from Arcadia University.

6. Prior to her employment with the District, Ms. Marinello was employed as a teacher by the Wissahickon School District, a public school district in Pennsylvania, from August 1995 through June, 1997.

7. Additionally, prior to her employment with the District, Ms. Marinello was employed as a teacher by the Hatboro-Horsham School District, a public school district in Pennsylvania, from August 1997 until June, 2007.

8. Additionally, prior to her employment with the District, Ms. Marinello was employed as a teacher by the Cheltenham School District, a public school district in Pennsylvania, from August 2014 until June 2016.

9. In 1992, Ms. Marinello obtained her Instructional I teaching certification from the Commonwealth of Pennsylvania to teach Secondary Education - English in Grades 7 - 12 and since 2004 and continuing through the present, Ms. Marinello has maintained her Instructional II teaching certification in Pennsylvania to teach Secondary English in Grades 7 - 12.

10. From at least as early as the year 2000 and continuing through the present, the District has maintained Salary Schedules applicable to full time faculty members for each school year.

11. Immediately prior to her acceptance of employment with the District and throughout her employment with the District, the District represented to Ms. Marinello, and, to her knowledge, all other women teachers employed by the District, that the Salary Schedules, and solely the factors therein, were the sole bases used by the District to determine teachers' annual salaries, without regard to a teacher's gender.

12. One factor used in the Salary Schedules is "Step" which is the number of years' experience a teacher has teaching in a public school in Pennsylvania.

13. Another factor used in the Salary Schedules is the teacher's educational background in terms of whether the teacher has a Bachelor's Degree; a Bachelor's Degree plus an additional 24 post-graduate credits; a Masters Degree; a Masters Degree plus an additional 15 post-graduate credits; and a Masters Degree plus an additional 30 post-graduate credits.

14. The District does not publicize the qualifications of teachers it employs to enable a determination of where they belong on Salary Schedules.

15. The District has manipulated the factors under its Salary Schedules to compensate Ms. Marinello and other women teachers substantially less than men and to compensate similarly situated male employees substantially more than women.

16. At the time Ms. Marinello commenced her employment with the District, she had fourteen (14) years' experience teaching in public schools in Pennsylvania.

17. At the time Ms. Marinello commenced her employment with the District, she had a Masters Degree.

18. With fourteen (14) years' experience as a Pennsylvania public school teacher as of August 2016, Ms. Marinello was in her fifteenth (15th) year of teaching public school in Pennsylvania during the 2016-2017 school year.

19. Accordingly, she should have been placed at Step "15" on the District's 2016-2017 Salary Schedule as a 15th year teacher with Masters Degree.

20. At Step "15" with a Masters Degree, Ms. Marinello's annual salary under the 2016-2017 Salary Schedule would have been $98,379.

21. The District, however, designated Ms. Marinello at Step "1" under the 2016-2017 Salary Schedule, as if she were only in her first year of teaching and not in her fifteenth year, at an annual salary of only $51,157.00.

22. The District did not give Ms. Marinello credit under the 2016-2017 Salary Schedule for post graduate academic credits that she did not have.

23. Ms. Marinello was in her sixteenth (16th) year of teaching public school in the 2017-2018 school year.

24. Accordingly, she should have been placed at Step "15(a)" on the District's 2017-2018 Salary Schedule – the highest Step on the Schedule -- as a 16th year teacher with a Masters Degree at a salary of $100,784.

25. The District, however, designated Ms. Marinello at Step "2" under the 2017-2018 Salary Schedule, as if she were only in her 2nd year of teaching and not in her 16th year, at an annual salary of only $53,529.00, and did not give her credit under the 2017-2018 Salary Schedule for post graduate academic credits that she did not have.

26. In the school year 2018-2019, Ms. Marinello was in her seventeenth (17th) year of teaching public school in Pennsylvania with a Masters Degree.

27. Under the 2018-2019 Salary Schedule, teachers with a Masters Degree in their 17th year of teaching public school in Pennsylvania at Step "15" were to be paid a salary of $99,129.00

28. The District, however, designated Ms. Marinello at Step "3" under the 2018-2019 Salary Schedule at a salary of $56,503.00, and did not give her credit under the 2018-2019 Salary Schedule for post graduate academic credits that she did not have.

29. In the school year 2019-2020, Ms. Marinello was in her eighteenth (18th) year of teaching public school in Pennsylvania with a Masters Degree.

30. Under the 2019-2020 Salary Schedule, teachers with a Masters Degree in their 18th year of teaching public school in Pennsylvania at Step "16" were to be paid a salary of $104,034.00

31. The District, however, designated Ms. Marinello at Step "4" under the 2019-2020 Salary Schedule at a salary of $59,577.00, and did not give her credit under the 2019-2020 Salary Schedule for post graduate academic credits that she did not have.

32. In the school year 2020-2021, Ms. Marinello was in her nineteenth (19th) year of teaching public school in Pennsylvania with a Masters Degree.

33. Under the 2020-2021 Salary Schedule, teachers with a Masters Degree in their 19th year of teaching public school in Pennsylvania at Step "16" were to be paid a salary of $105.934.00.

34. The District, however, designated Ms. Marinello at Step "5" under the 2020-2021 Salary Schedule at a salary of $62,651.00, and did not give her credit under the 2020-2021 Salary Schedule for post graduate academic credits that she did not have.

35. Ms. Marinello first learned in 2021 that male teachers employed by the District have been treated more favorably than she has been treated in terms of their compensation under the Salary Schedules.

## Collective Action Averments

36. Ms. Marinello, individually and on behalf of all similarly situated women, restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. The employees similarly situated for this collective action are:

> All women teachers employed by the District from 2000 through the present who have been subject to compensation under the District's applicable Salary Schedules who were treated less favorably than male teachers employed by the District from 2000 through the present with respect to compensation under the applicable Salary Schedules.

38. The District knowingly and willfully compensated male teachers it employed more favorably than female teachers under the Salary Schedules.

39. The District has willfully engaged in a pattern and practice of compensating male teacher employees more favorably than women teacher employees under the Salary Schedules by giving various male teachers, but not women teachers:

    (a)    full credit for the years of teaching experience they had in Pennsylvania public schools prior to becoming employed by the District;

    (b)    credit for more years of teaching experience than they actually had in Pennsylvania public schools prior to becoming employed by the District;

    (c)    full credit for post-graduate academic credits that they had prior to becoming employed by the District; and

    (d)    credit for post-graduate academic credits that they actually did not have prior to becoming employed by the District.

40. For example, and without limitation, a male teacher ("John Doe") began his employment with the District in the 2010-2011 school year.

41. Doe had, at most, fourteen (14) years of Pennsylvania public school teaching experience when he first became employed by the District and was, therefore, at most, in his fifteenth year of teaching in the 2010-2011 school year.

42. Unlike Ms. Marinello and similarly situated women teachers, Doe received full credit for his 14 years of prior Pennsylvania public school teaching experience when he first became employed by the District, and was placed on Step "15" as a 15th year teacher on the 2010-2011 Salary Schedule.

43. When Ms. Marinello first became employed by the District, she was placed at Step "1" on the Salary Schedule even though she also had 14 years of prior Pennsylvania public school teaching experience and was, therefore, in her 15th year of teaching.

44. Additionally, unlike Ms. Marinello and similarly situated women teachers, Doe was deemed to have a Masters Degree plus 30 additional post graduate credits on the 2010-2011 Salary Schedule even though he did not have 30 post graduate credits in addition to his Masters Degree.

45. Accordingly, Doe's starting teacher's salary with the District was $101,810 at Step "15" which applied to teachers in their 15th year of teaching public school in Pennsylvania who had a Masters Degree plus 30 additional post graduate academic credits under the 2010-2011 Salary Schedule.

46. The credit that Doe received for his 14 years of prior Pennsylvania public school teaching experience and 30 academic credits beyond his Masters Degree have been used by the

7

District to place Doe at the highest level of compensation under the applicable Salary Schedules from the time he began employment with the District through the present.

47. Another example of a woman teacher who was similarly subjected to gender discrimination by the District in her compensation is, without limitation, Rebecca Cartee-Haring.

48. At the time Ms. Cartee-Haring commenced her employment with the District in the 2007-2008 school year, she had nine (9) years of prior experience teaching in Pennsylvania public schools.

49. At the time Ms. Cartee-Haring commenced her employment with the District, she had a Masters Degree.

50. With nine (9) years' experience as a Pennsylvania public school teacher, Ms. Cartee-Haring was in her tenth year of teaching high school during the 2007-2008 school year.

51. Accordingly, she should have been placed at Step "J" on the District's 2007-2008 Salary Schedule as a tenth year teacher.

52. At Step "J" with a Masters Degree, Ms. Cartee-Haring's annual salary under the 2007-2008 Salary Schedule would have been $66,650.

53. Unfortunately, the District designated Ms. Cartee-Haring at Step "E" under the 2007-2008 Salary Schedule, as if she were only in her fifth year of teaching and not in her tenth year, at an annual salary of only $54,100.

54. As of the 2008-2009 school year, Ms. Cartee-Haring obtained fifteen (15) additional post graduate credits and was placed on the Masters plus 15 column of the Salary Scheuled since then.

55. Ms. Cartee-Haring was never credited with more academic credits that she actually had like male teacher employees were for purposes of placement on the Salary Schedules.

56. Since the 2007-2008 school year and continuing through the present, Ms. Cartee-Haring has never been credited with her years of Pennsylvania public school teaching experience under any applicable Salary Schedule as male employee teachers have been.

57. For the 2019-2020 school year, Ms. Cartee-Haring was placed at Step "14" under the 2019-2020 Salary Schedule, even though Ms. Cartee-Haring is in her twenty-second (22nd) year teaching public school in Pennsylvania.

58. The maximum Step under the 2019-2020 Salary Schedule is "16."

59. So, with more than 16 years' teaching experience, Ms. Cartee-Haring should have been at Step 16 under the 2019-2020 Salary Schedule.

60. The similarly situated women teachers employed by the District who were treated less favorably than male teachers under the Salary Schedules are identifiable through the District's records. Accordingly, Notice should be sent to the putative collective action members.

## COUNT I

## FEDERAL EQUAL PAY ACT

61. The foregoing averments are incorporated by reference as if fully set forth herein.

62. The District has willfully treated male employees more favorably than similarly situated female employees with respect to affording credit for years of teaching experience and educational credentials for purposes of compensation under the District's Salary Scales.

63. In fact, the District has even willfully provided to male employees, but not to similarly situated female employees, credit for teaching experience and educational credits that they did not have in order to increase their compensation under the Salary Scales.

64. The result of the District's pattern and practice of treating male teachers more favorably than women teachers with respect to affording credit for years of teaching experience and academic credentials for purposes of their compensation has been to compensate Ms. Marinello and similarly situated women teachers less than male teachers for substantially equivalent work.

65. The District's conduct constitutes a willful violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA").

WHEREFORE, Plaintiff, individually, and on behalf of all other women teachers similarly situated, prays for relief as follows:

A. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated women teachers apprising them of the pendency of this action, and permitting them to assert EPA claims in this action by filing individual consent forms;

B. Judgment against the District and in favor of Plaintiff and the collective action members for unpaid back wages of which they were deprived by virtue of the District's discriminatory pay practices;

C. A permanent injunction requiring the District to compensate women teachers the same as male teachers for substantially similar work by placing women teachers correctly on the Salary Schedules going forward in accordance with their prior years of teaching experience and correct educational levels;

      D.      Judgement against the District and in favor of Plaintiff and the collective action members for lost pension benefits resulting from the District's discriminatory placement of women teachers on Salary Schedules;

      E.      An award of liquidated damages in an amount equal to the unpaid back wages of which Plaintiff and the Collective Action members were deprived by virtue of the District's discriminatory pay practices;

      F.      Imposition of appropriate civil penalties;

      G.      An award of prejudgment and post judgment interest;

      H.      An award of costs and attorneys' fees; and

      I.      All such other relief as

Respectfully submitted,

/s/ Edward S. Mazurek
Edward S. Mazurek (PA I.D. No. 50278)
THE MAZUREK LAW FIRM, LLC
717 S. Columbus Blvd.
Suite 516
Philadelphia, PA 19147
267.243.3393
emazurek@mazureklawfirm.com

Attorney for Plaintiff,
Dawn Marinello, individually and
on behalf of similarly situated
female employees

## **CERTIFICATE OF SERVICE**

      I certify that counsel for Defendant is being served with the foregoing through the Court's ECF system.