**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REBECCA CARTEE-HARING, | : | |
| Plaintiff, | : | |
| | : | No. 2:20-cv-01995-MMB |
| v. | : | |
| | : | |
| CENTRAL BUCKS SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| DAWN MARINELLO, individually and | : | |
| on behalf of similarly situated female | : | |
| employees, | : | No. 2:21-cv-02587-MMB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CENTRAL BUCKS SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW OPPOSING**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**ARGUMENT**

I.    **The Plaintiffs' Motion for Partial Summary Judgment Should Be Denied Where They Have Failed to Establish a *Prima Facie* Case; Where They Have Failed to Present Facts That Any Plaintiff Has Substantially Equal Skill or Responsibility to Any Comparator; Where They Have Not Linked Any Specific Comparator to Any Specific Plaintiff; Where They Have Failed to State Any Fact As to 247 Plaintiffs; Where They Incorrectly Conflate Steps to Wages; Where They Offer No Facts That Rows Equate to Experience; and Where The Relief Requested Would Be Discriminatory To the Men Treated the Same as the Plaintiffs.**

This is a collective action in which two named Plaintiffs and 380 opt-in Plaintiffs are seeking in excess of $200 million from a public school district for alleged violations of the Equal Pay Act ("the EPA").  The Plaintiffs have filed a Motion for Partial Summary Judgment seeking

1

judgment as to liability only.  It is submitted that for the reasons stated herein, the Plaintiffs'

Motion has no merit.

    A.    **Plaintiffs Failure to Establish a *Prima Facie* Case or to Overcome Central Bucks' Defense**

On pages 4-6 of their Memorandum of Law in Support of Plaintiffs' Motion for Partial

Summary Judgment (ECF No. 163-2), the Plaintiffs cite roughly 20 decisions that address the

traditional two-step, burden-shifting paradigm for deciding cases under the EPA.  As part of their

discussion about that paradigm, the Plaintiffs assert that the cited cases only require them to cite

one comparator in order to establish a *prima facie* case.  Although the Plaintiffs' summaries of

these cases are generally accurate as far as they go, the problem is that they do not go far enough

in light of the facts in this case as presented by the Central Bucks School District ("CBSD" or

"Central Bucks") and are easily distinguishable.

None of the cases cited by the Plaintiffs on pages 4-6 of the Memorandum of Law involved

class actions or collective actions.  None of the cases cited by the Plaintiffs involved situations

where the Plaintiffs failed to name a specific comparator to a specific Plaintiff.  None of the cases

cited by the Plaintiffs involved situations where the Defendant named comparators who were

treated the same or worse than the Plaintiffs.  Significantly, the cases upon which the Plaintiffs

rely do not address the relevant criteria at the summary judgment stage of litigation where the

employer establishes that men were treated the same or worse than women, and women were

treated the same or better than men.  *See* Defendant's Statement of Undisputed Facts ("DSUF"),

ECF No. 160, ¶ 448, Exh. D-7029;  *see also* DSUF, ¶¶ 450 et seq.

Central Bucks has identified men who were treated the same or worse than the Plaintiffs.

DSUF ¶¶ 448, *et seq.*  The undisputed evidence is that each Plaintiff was hired at the same or

higher step than one or more male teachers hired since January 1, 2000.  DSUF, ¶ 435; Exh. D-

342, Pocalyko Affidavit, ¶ 41.  Exhibit D-7007A enumerates the number and percent of males hired on or after January 1, 2000, who were hired at a step equal to or below the step to which each Plaintiff was assigned.  DSUF, ¶ 436, Exh. D-342, Pocalyko Affidavit, ¶ 42.  Central Bucks identified the men who were treated the same or worse than each Plaintiff.  Exh. D-463, Pocalyko's Second Affidavit, ¶ 25.a.-25.c, Exhs. D-7020 to D-7028, D-7032 to D-7040.[1]  Where the employer names comparators who were treated the same or worse than the Plaintiffs, the Plaintiffs must do more than just identify "one comparator" as the Plaintiffs argue.

Where the employer names other comparators, some courts address the issue as part of the *prima facie* case analysis.  *See e.g., Sowell v. Alumina Ceramics, Inc*., 251 F.3d 678 (8th Cir. 2001); *Euerle-Wehle v. UPS*, 181 F.3d 898 (8th Cir. 1999).  Other courts address the issue as part of the employer's affirmative defense.  *See, e.g. Hennick v. Schwans Sales Enters.,* 168 F. Supp. 2d 938 (N.D. Iowa 2001).  Either way, the Plaintiff cannot establish liability where the employer meets either the "some men have made the same or less" rule,[2] or the "sometimes treated better and sometimes treated worse" rule.[3]  For these reasons, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

---

[1]      Although Central Bucks does not agree that all teachers are comparators, the Plaintiffs' entire case is built upon the notion that all teachers, including nurses, school psychologists, librarians, speech therapists, etc., are comparators.  Employing the Plaintiffs' standard that all teachers are comparators, men were treated the same or worse than women, and women were treated the same or better than men.

[2]      *See, e.g.,* Sowell v. Alumina Ceramics, Inc., 251 F.3d 678 (8th Cir. 2001); *Euerle-Wehle v. UPS*, 181 F.3d 898 (8th Cir. 1999); *Hennick v. Schwans Sales Enters*, 168 F. Supp. 2d 938 (N.D. Iowa 2001); *Ambrose v. Summit Polymers, Inc*., 172 Fed. App'x 103 (6th Cir. 2006).

[3]      *See, e.g., Simpson v. Kay Jewelers,* 142 F.3d 639 (3d Cir. 1998)*; Gazarov v. Diocese of Erie,* 80 Fed. App'x 202 (3d Cir. 2003); *Jackson v. Evans*, No. 04-559, 2006 U.S. Dist. LEXIS 101678 (W.D. Pa. 2006).

**B.     The Plaintiffs Wrongly Base Their Claims on Steps, Not Wages.**

The Plaintiffs are not seeking equality of wages, which is the sole focus of the EPA. Instead, the Plaintiffs purport to demand equality of "steps" or "rows" on the salary scales. In none of the facts set forth in the Plaintiffs' Statement of Undisputed Facts, ECF No. 163-1 ("PSUF"), are disparate wages set forth. Indeed, the words "wage" and "wages" are not used by the Plaintiffs in their PSUF, and no facts are provided by the Plaintiffs showing disparate wages. Instead, lists of men and women are set forth where the Plaintiffs purport to show that some men and some women were given different levels of credit for their prior experience when placed on the salary scales over the course of 4½ decades. PSUF, ¶¶ 16-17. However, to equate rows with wages is to advance a false equivalency.

The wages on the rows and steps of the salary scales change every year. DSUF, ¶ 84. Rows in a salary scale in one year cannot be compared to a row on the salary scale in a different year. Indeed, the number of rows and steps in the salary scales sometimes change. DSUF, ¶¶ 81.c., 84, 125. Among the reasons why rows in one year are not the same as rows on a different year include the following: (a) the annual wage rate in the cells on each row change from year to year; (b) there may have been compaction of the salary scales; and (c) the salary matrix is different every year,  leading to a different result as to how much is placed in the cell for salary purposes – all having nothing to do with an employee's past years of service or experience. Exhs. D-384, D-396, D'Angelo Affidavit, ¶¶ 12-13; *compare* salary scales, Exhs. D-139 to D-148. At bottom, the Plaintiffs are not advancing an EPA case; they are advancing some kind of equal step case. However, even that fails, as men and women were treated the same.

As presented by the Plaintiffs in their Motion for Partial Summary Judgment and their supporting Memorandum of Law, this is an alleged discrimination case based on the erroneous belief that steps equal years of experience, and that men and women have been credited differently

for their alleged years of experience.  The EPA requires wage equality, not recognition of experience equality.  The Plaintiffs' Motion for Partial Summary Judgment should be rejected for this reason alone.

### C.   The Plaintiffs Have Failed to Establish a *Prima facie* Case Where They Failed to Properly Identify Male Comparators Linked to Specific Plaintiffs.

#### 1.   *The Plaintiffs failed to identify any specific male comparator linked to any specific Plaintiff.*

Plaintiffs seek partial summary judgment for liability without naming any specific comparator linked to any specific Plaintiff.  Instead, Plaintiffs appear to think it sufficient simply to list 10 men out of 521 men[4] who allegedly[5] received credit for "all" of their experience;[6] 15 men out of 521 who allegedly received credit for "more" than their experience;[7] and 42 men out of 521 men who allegedly received credit for "most" of their experience.[8]  PSUF, pp. 15-20.  The Plaintiffs do nothing to connect the listed men to any specific Plaintiff as comparators.  This is fatal to Plaintiffs' claims.  As one court flatly stated, "Failure 'to identify an appropriate comparator' is fatal to Plaintiff's claim under the Equal Pay Act."  *Collins v. Landmark Military*

---

[4]     Central Bucks produced personnel records of 521 men to the Plaintiffs months ago.  DSUF, ¶ 1, Exhs. D-2000 to D-2521.

[5]     The lists of men in the PSUF is sloppy with many factual errors – including two women in the list of men.  Exh. D-463, Second Affidavit of Jeanne Pocalyko, ¶¶ 23.a., 23.i.  Further, the PSUF is incomplete at best, as it does not provide any citation to the alleged experience that any of the men allegedly had.  Instead, the one-page document cited by the Plaintiffs in their PSUF for each listed man provides evidence only of the step placement assigned to the employee and does not provide any evidence of the actual years of experience.  *Id.*, ¶ 12.  The Plaintiffs' failure to provide "record reference" to the experience of any of the men is in violation of the Court's Notice to Counsel.  ECF No. 7-2, ¶ D.1.

[6]     Central Bucks has named 17 women who were treated the same or better than these men.  Central Bucks' Response to Plaintiffs' Statement of Undisputed Facts, ¶ 17.a.; Exh. D-463, ¶ 16.

[7]     Central Bucks has named 17 women who were treated the same as these men. Exh., ¶ 16.

[8]     Central Bucks has named 219 women who were treated the same as these men. Exh. D-463, ¶ 17.

*Newspapers, Inc.*, No. 2:06-cv-342, 2007 U.S. Dist. LEXIS 57572, at *40-41 (E.D. Va. Aug. 3, 2007).

Because the Plaintiffs have failed to link any specific comparator to any specific Plaintiff, their Motion for Partial Summary Judgment should be rejected.

> 2.  *The Plaintiffs failed to prove that their alleged comparators perform work of substantially equal skill, effort, and responsibility.*

Based on the briefing from the Plaintiffs, they agree that part of their *prima facie* case is to prove that the comparators that they identify must perform "work of substantially equal skill, effort and responsibility, under similar working conditions." Plaintiffs' Memorandum of Law [ECF No. 163-2], p. 4. However, conspicuously absent from the PSUF are any facts that any Plaintiff performs work of substantially equal skill, effort, and responsibility to alleged comparators.[9] The Plaintiffs present not a single affidavit or deposition that speaks to the fact that all teachers, who they claim are all comparators, perform work of substantially equal skill, effort, and responsibility. In contrast, Central Bucks has presented undisputed evidence in the form of affidavits and its Statement of Undisputed Facts ("DSUF") that different classifications of employees in this case have different skills and responsibilities. DSUF ¶¶ 190, *et seq.*

Central Bucks has identified 46 employee categories. DSUF, ¶ 197. CBSD Director of Human Resources Lisa Corr explained in an affidavit how these different classifications do not have the same skills and responsibilities. Exh. D-456, Third Corr Affidavit, ¶¶ 4, *et seq.* As a matter of law, the employees must be properly certificated by the Pennsylvania Department of

---

[9]     Rather than presenting facts in the PSUF proving that Plaintiffs perform "work of substantially equal skill, effort and responsibility, under similar working conditions" as required under the EPA, the Plaintiffs instead attempt to use a different standard, stating that "all teachers in the District are similarly situated with one another and perform substantially equivalent work." PSUF, ¶ 5. That is not the legal standard, nor is it factually accurate. Response to Plaintiffs' Statement of Undisputed Facts, ¶ 5.

Education ("PDE").  Corr authenticated the certification guidelines from PDE.  DSUF ¶¶ 200, *et seq.;* Exh. D-456, ¶¶ 1, *et seq.*

Failing to differentiate the skills and responsibilities of Plaintiffs and male comparators, the Plaintiffs lump nurses[10] and school psychologists[11] to a high school history teacher hired and expected to be an extracurricular coach.  It is obvious that nurses and school psychologists do not have the same skills and responsibilities, yet the Plaintiffs do not even attempt to produce evidence or facts that they do.  Although these three employee categories arguably present the starkest examples that different employee classifications have different skills and responsibilities, the Plaintiffs have not presented any evidence and have not articulated any undisputed fact that an elementary teacher has the same skills and responsibilities as a high school history teacher.  Indeed, under law, an elementary teacher is not permitted to teach high school history.  For this reason, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

> 3.  *Plaintiffs' failure to identify comparators with regard to relevant time of hire is fatal to their claim.*

The Plaintiffs were hired over a period of 45 years – from 1977[12] through 2022[13] – and no Plaintiff has linked any specific comparator to herself.  No specific comparator is identified in the Plaintiffs' Memorandum of Law [ECF No. 163-2] and no specific comparator is identified in the PSUF [ECF No. 163-1] with regard to any Plaintiff.   Instead, the Plaintiffs assert that all men are

---

[10]    The following opt-in Plaintiffs are nurses: Valerie Wendell-Wesolowich, Mary Anne Canales, Margaret Keppler, Carol Klein, Kathleen Budniewski, Amanda Merrill, and Stacey Hickmott.  Exhs. D-1348, D-1035, D-1170, D-1181, D-1367, D-1224, D-1142.

[11]    The following Plaintiffs are school psychologists: Kelly Owens, Jessica Ritrovato, and Julia Szarko.  Exhs. D-1245, D-1376, D-1319.

[12]    The Plaintiff who was hired first among all Plaintiffs was Patricia Ruane, hired on September 15, 1977.  Exh. D-1277.

[13]    The Plaintiff who was hired last among all Plaintiffs was Amanda Lawn, hired on December 1, 2022.  Exh. D-1188

comparators to all of the Plaintiffs, regardless of when either the men or the women were hired. This is not the law, and the Plaintiffs have the duty to identify comparators who were hired in temporal proximity to each Plaintiff. Perhaps the clearest expression of this requirement is the following:

> In general, a rule of law permitting plaintiffs always to make out a *prima facie* equal pay claim based on any different-year comparison would be overly broad. Disparities in pay over time occur naturally for a variety of reasons, including changes in corporate strategy; changes in negotiating power among employers, employees, or unions; changes in law; and changes in inflation and the cost of living. . . . Thus, the EPA and its state law counterparts should not be interpreted so that mere changes in compensation over time suffice to violate the law. But were plaintiffs able to make out a *prima facie* case simply by pointing to employees of the opposite sex who were paid more at some later date, an employer would cede a *prima facie* equal pay claim to all its past employees simply by generally raising wages. Such a massive expansion of potential liability would extend the EPA and its state law counterparts well beyond its mission of ensuring that men and women receive equal pay for equal work. . . . Just as an equal pay claim requires a plaintiff to be comparable to the employees of the opposite sex who were paid more than her, the time periods during which each employee was paid those different amounts must be comparable as well.

*Hatzimihalis v. SMBC Nikko Sec. Am., Inc*., No. 20 Civ. 8037 (JPC), 2023 U.S. Dist. LEXIS 95248, at *23-24 (S.D.N.Y. Feb. 21, 2023).

The Court further explained:

> Just as the plaintiff must show that the job held by a comparator was sufficiently similar to presumptively require equal pay, so too should she be required to show that the time period under examination was sufficiently similar to presumptively require equal pay. Furthermore, permitting a plaintiff to make out a prima facie case based on comparisons between any time periods licenses inferences that are implausible on their face.

*Id. at* *24-25.

In paragraphs 16 and 17 of the PSUF, Plaintiffs list 135 women and 67 men with snippets of information as to each. PSUF, ¶¶ 16-17. However, not one fact was presented as to when any of those individuals was hired. The absurdity of the Plaintiffs' position that the date of hire has no

8

relationship to identifying a comparator can be illustrated with just two employees. Plaintiff Patricia Ruane ("Ruane"), was hired as an elementary teacher by Central Bucks in 1977. Exh. D-1277, CBSD 17288. In 2010 – 33 years later – John Donnelly ("Donnelly") was hired as a high school social studies teacher and football coach, and placed on the top step of the salary scale. DSUF, ¶ 290. The Plaintiffs appear to be arguing that once Donnelly was hired 33 years after Ruane was hired, Ruane should be given full credit for all of her alleged experience. Such a proposition is ludicrous.

> 4. *If this case is to be based on the proposition that all men are comparators without regard to any other factor, there are many male comparators that Central Bucks identifies that establishes the lack of discrimination.*

As stated above, the Plaintiffs fail to identify specific male comparators regarding any of the 382 Plaintiffs. Instead, the Plaintiffs set forth five lists of employees purporting to show that some men received better step placement than some women. However, Central Bucks has produced overwhelming evidence that men and women were treated equally, and that there are many women who have received better step placement than their male counterparts.

In their first list, Plaintiffs identify 77 women who they allege were not given any credit when placed on the salary scale when initially hired. PSUF, pp. 6-11. The second list is of 58 women who did not receive what the Plaintiffs assert was "full credit for teaching experience." PSUF, pp. 11-14. The third list is 10 men who received credit for all of their experience. PSUF, pp. 15. The fourth list is of 15 men who received "credit for more experience than they had." PSUF, pp. 16-17. The final list is of 42 men who the Plaintiffs assert "received credit for most of their experience." PSUF, pp. 17-20. However, as shown in the School District's answer to the PSUF, like Plaintiffs, many men were not given any credit or any extra credit. Like Plaintiffs, many men were not given full credit. Like the lists of men, many women received more credit

than the experience they had, many women were given credit that was the same as the years of experience, and many women, like men, were given credit for most of their experience.  These facts undermine the Plaintiffs' prima facie case, as addressed in section I.A. of this Memorandum of Law, pp. 2 *et seq.*

Ultimately, if a defendant is able to show that men and women were treated equally, and it is possible to develop lists of women who were treated the same or better than men, the Plaintiffs' EPA claim fails.

### D. Plaintiffs Present No Facts or Evidence that Steps on the Salary Scale Equated to Years of Experience or That Years of Experience Were Determinative of Salary Step Placement.

The Plaintiffs' case is based on two spurious propositions: (1) that the steps on the salary scale equate to years of experience, and (2) that initial placement on the salary scale is to be – or should be – based on total years of experience.  The Plaintiffs have not set forth a single "fact" in their PSUF that steps equate to years of experience or that initial salary placement is based on total years of experience.  Nor could the Plaintiffs present such evidence because steps *do not* equate to years of experience.

Central Bucks filed a detailed Statement of Undisputed Facts that explains that steps do not equate to years of experience.  These facts are based upon affidavits by Lisa Corr (Exh. D-364, ¶ 121; Exh. D-403, ¶¶ 26-27), Gilbert Martini (Exh. D-353, ¶ 12) Andrea DiDio-Hauber (Exh. D-354, ¶ 37), the School District's expert, attorney Ellis Katz (Exh. D-347, ¶ 40), and the School District's longtime chief negotiator, Fred D'Angelo, Esquire (Exh. D-396, ¶ 11).  Not only did these affiants state that steps do not equate to years of service, but they have provided fulsome explanations as to why that is so.  DSUF ¶¶ 79-82, 123.  Once it is recognized that the steps do not equate to years of experience, the Plaintiffs' case collapses.

Not only do the salary schedule rows not equate to the years of service, but the Plaintiffs have not presented any evidence that the number of years of past experience is determinative. There is nothing in the PSUF stating that assignment on the salary scale is based exclusively on years of experience. The Plaintiffs have not submitted any affidavits, deposition transcripts, or anything else that establishes that prior years of experience is determinative for initial salary placement.[14] On the contrary, the closest that the Plaintiffs come in suggesting that placement is based on years of experience is to say that some men received credit for all of their years of experience, some received more credit, and some received credit for "most" experience. *See* PSUF, ¶'s 17. Indeed, it is submitted that when the Plaintiffs represent to the Court that that there are lists of employees who were placed on steps that exceeded their years of experience and there were lists of employees who were placed on steps that were less than their years of experience, the Plaintiffs are proving that years of experience is not determinative for placement on the salary scale.

Just as the Plaintiffs did not present any fact or evidence that the rows equated to years of experience, they did not present any fact or evidence that Central Bucks based initial salary placement on total years of experience. The Plaintiffs failed to set forth a single fact about the many factors used to determine salary placement. The Plaintiffs failed to set forth a single fact that years of experience was determinative. The Plaintiffs have not presented any affidavits, nor have they presented any transcripts that address the factors taken into account for step placement.

---

[14]     Rather than presenting any facts or evidence that rows represent years of experience, the Plaintiffs present an alleged fact that "'Step' placement has to do with the years of related teaching experience an individual has . . . ." PSUF, ¶ 10. The pages in the deposition transcripts cited do not support that notion. Moreover, the Plaintiffs present no facts as what it means that steps "[have] to do with" years of experience, nor what they define as "related teaching experience." In addition, in no instance do the Plaintiffs attempt to analyze or distinguish the kinds of experience that any Plaintiff has, and the Plaintiffs do nothing to state what step they contend any Plaintiff should be placed on.

In contrast, Central Bucks provided a comprehensive background about the factors taken into account for initial salary placement.  Each director of human resources at CBSD for the past 30 years has executed affidavits about the factors that they considered when placing new employees on the salary scale.  DSUF ¶¶ 96-101.  Central Bucks presented undisputed facts that it took into account 13 separate factors when placing a new employee on the salary scale.  DSUF ¶ 97.  These factors are supported by the affidavits of the three directors of human resources over the last 30 years:  Exh. D-353, Affidavit of Martini, ¶ 7; Exh. D-354, Affidavit of DiDio-Hauber, ¶ 47; Exh. D-364, Affidavit of Corr, ¶ 137.

Among the many factors that are taken into account when placing a new employee on the salary scale is the particular Salary Placement Guidelines or practices in effect at the time. The Plaintiffs ignore those guidelines and practices; they are not mentioned in the Plaintiffs' papers. However, the undisputed evidence is that the earliest of the Salary Placement Guidelines that the District could find was the 1999-2000 Salary Placement Guideline.  Exh. D-20.  Gilbert Martini ("Martini"), the director of human resources from 1992 through 2014, (DSUF, ¶ 49.b.) stated in one of his affidavits that Exhibit D-20 was adopted beginning in the 1999-2000 school year and that it reflected the practices that he utilized before that.  DSUF, ¶¶ 115-116; Exh. D-402, Martini Affidavit,  ¶ 2.  Central Bucks' expert witness Jeanne Pocalyko executed an affidavit that the practices before the 1999-2000 appeared consistent with the 1999-2000 Salary Placement Guideline.  Exh. D-342, Pocalyko Affidavit, ¶ 21-22.

After 1999-2000, Central Bucks had a series of similar Salary Placement Guidelines. DSUF, ¶¶ 108-130; Exhs. D-6, D-20, D-21, D-26, D-27.  Those Salary Placement Guidelines contained narrative standards for determining salary placement and contained schedules based on

giving partial credit for recognized years of service.  More specifically, the following Salary

Placement Guidelines were implemented.

| Effective 1999-2000 | Effective 2005-2006 | Effective July 1, 2012 | Effective July 1, 2013 | Effective January 2014 |
|---|---|---|---|---|
| Exhibit D-20 | Exhibit D-27, *see also* Exhibit D-21 (2008) | Exhibit D-26 | Exhibit D-6 | Exhibit D-27 |
| Years   Step<br>0-2      A<br>3-4      B<br>5-7      C<br>8+       D | Years   Steps<br>0-2      A/B<br>3-4      C<br>5-7      D<br>8+       E | All new employees at step 1 | Years   Step<br>1-3      1<br>4-6      2<br>7+       3 | Years   Step<br>0-2      1<br>3-4      2<br>5-7      3<br>8+       4 |
| Exception allowed for critical need | Exception allowed for critical need | Exception allowed for critical need | Exception allowed for critical need | Exception allowed for critical need |

DSUF, ¶ 113.

      In light of the foregoing, the Plaintiffs' spurious assertions that the rows on the salary scale

equate to years of services, and that the Plaintiffs should be granted full credit for their experience,

is devoid of a factual underpinning.  For this reason, the Plaintiffs' Motion for Partial Summary

Judgment should be denied.

      **E.**     **Not All Experience Is Recognized.**

      The experiences of the 382 Plaintiffs before being employed by Central Bucks are as varied

as expected, but the Plaintiffs fail to present any undisputed fact or evidence about the Plaintiffs'

prior experience or whether it should be recognized for any purpose.[15]  Some Plaintiffs seemingly

---

[15]     The Plaintiffs appear to recognize that not all experience is creditable or recognizable.  In paragraph 10 of the PSUF, they assert that step placement "has to do with years of ***related teaching experience . . . .***" (emphasis added).  However, the Plaintiffs provide no evidence or facts as to what "related experience" is or what the "related experience" any specific Plaintiff has.

seek credit for non-teaching experience,[16] experience that was not in any school,[17] experience in private schools,[18] experience in charter schools,[19] and experience when the employee was not certificated.[20] The Salary Placement Guidelines stated that experience more than 10 years prior to being hired by Central Bucks would generally not be considered. Exhs. D-6, D-20, D-21, D-26, and D-27. However, the Plaintiffs are including such experience. Exh. D-463, Second Pocalyko Affidavit, ¶ 22.d.

The Plaintiffs seem now to recognize that not all prior experience is to be recognized. In the PSUF, the Plaintiffs recognize that step placement "has to do with the years of ***related teaching experience.***" PSUF, ¶ 10 (emphasis added). However, the Plaintiffs do nothing to identify what teaching experience is related and how that was dealt with for men or women. Under these circumstances, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

**F.      The Plaintiffs' Proposed Relief Is Discriminatory And Arbitrary.**

In the PSUF, the Plaintiffs list men who allegedly were given more credit than their years of prior experience, men who were given credit that equaled their years of experience, and men who were given less than full credit for prior experience. PSUF [ECF No. 163-1], ¶ 17. However, the Plaintiffs seem to be asking the Court to give them credit for all of their experience – no more and no less. Yet they do not explain why the Plaintiffs should be treated differently than their male counterparts.

---

[16]      K. Reynolds, Exh. D-1265 (CBSD 16442), S. Sherenian, Exh. D-1297 (CBSD 18214-18215).

[17]      S. Hickmott, Exh. D-1142 (CBSD 10478), V. Wendell-Wesolowich, Exh. D-1348 (CBSD 20124).

[18]      Exhibit D-463, Second Pocalyko Affidavit, ¶ 22.b.

[19]      Exhibit D-463, ¶ 22.c.

[20]      T. Divita, Exh. D-1077 (CBSD 07888, 07906), M. Jones, Exh. D-1160 (CBSD 12755, 12787).

The Plaintiffs admit that some men were given less than full credit than their prior experience.  If that is true, why should the Plaintiffs get full credit – or even more credit – than their experience?  Just as it would be discriminatory against female teachers if all male teachers arbitrarily received full year-for-year credit for their experience and women did not, it would be equally discriminatory to give Plaintiffs their full year-for-year credit while recognizing that the same is not true for men.  The Plaintiffs cannot answer these questions because their position is arbitrary and not based on any evidence, rule, or reason.

As stated previously, the Plaintiffs have provided two lists of women in paragraph 16 of the PSUF, and three lists of men in paragraph 17 of the PSUF.  By comparing those five lists, the Plaintiffs assert that there is unlawful discrimination in favor of men.  However, as Central Bucks has proven in its response to the PSUF, mirror-image lists exist where men were treated less favorably that certain female teachers, and where women teachers were treated more favorably than certain male teachers.  An EPA claim made by the men who were treated less favorably would have the exact same factual underpinning as the Plaintiffs' claims.  Furthermore, where some men are treated more favorably than others and some women were treated more favorably than others, it stands to reason that factors other than gender provide the basis for salary schedule placement. It stands to reason that the step placement of teachers by Central Bucks cannot support EPA discrimination claims by both male and female teachers.  Accordingly, in a situation such as this, where neither gender is consistently treated more or less favorably than the other, there can be no discrimination.  For these reasons, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

G.    **The Plaintiffs Have Failed to Present Any Facts Regarding 247 Opt-In Plaintiffs.**

There are 382 Plaintiffs in this collective action.  The Plaintiffs have set forth few alleged facts – many with factual errors[21] – regarding only 135 Plaintiffs.  PSUF, pp. 6-14.  The Plaintiffs provide not a word or fact about the remaining 247 Plaintiffs.  Consequently, the Plaintiffs have not presented a *prima facie* case for any of these 247 Plaintiffs, and no judgment on liability can be entered for any of these 247 Plaintiffs.

## CONCLUSION

The Central Bucks School District respectfully requests that the Plaintiffs' Motion for Partial Summary Judgment be denied and that its Motion for Summary Judgment be granted.


                                             LEVIN LEGAL GROUP, P.C.


Date:  Tuesday, April 30, 2024

                                             */s/ Michael I. Levin*
                                             Michael I. Levin
                                             David W. Brown
                                             Anthony Petro
                                             1800 Byberry Road, Suite 1301
                                             Huntingdon Valley, PA 19006
                                             (215) 938-6378
                                             mlevin@levinlegalgroup.com
                                             dbrown@levinlegalgroup.com
                                             apetro@levinlegalgroup.com

                                             *Counsel for Defendant*
                                             *Central Bucks School District*

---

[21]    Central Bucks has filed concurrently with this Memorandum of Law an Answer to the Plaintiffs' Statement of Undisputed Facts ("PSUF") documenting the many errors in the PSUF.  The Plaintiffs' errors are many and varied, and include stating the wrong gender for three people.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of April 2024, I caused the foregoing Defendant's

Memorandum of Law Opposing Plaintiffs' Motion For Partial Summary Judgment to be filed

using the Court's Electronic Case Filing system, and a Notice of Electronic Case Filing was served

upon all counsel in accordance with Fed. R. Civ. P. 5(b).

Date:   April 30, 2024                          */s/ David W. Brown*
                                                                         David W. Brown
                                                                         LEVIN LEGAL GROUP, P.C.
                                                                         1800 Byberry Road, Suite 1301
                                                                         Huntingdon Valley, PA 19006
                                                                         (215) 938-6378