IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA CARTEE-HARING**<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | **CIVIL ACTION**<br><br>NO. 20-1995 |
| **DAWN MARINELLO,**<br>*individually and on behalf of similarly situated female employees,*<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | **CIVIL ACTION**<br><br>NO. 21-2587 |

<u>**MEMORANDUM RE: ENTRY OF APPEARANCE<br>OF ATTORNEYS WITH COZEN O'CONNOR**</u>

**Baylson, J.**                                                                                                       **June 5, 2024**

Two days ago, the undersigned entered a pretrial procedural order (21-2587, ECF 189) commenting on Plaintiffs having filed a "protocol" which attached an exhibit that Plaintiffs assert is admissible as a summary of complex and detailed data, pursuant to Federal Rule of Evidence 1006. This Court then further scheduled an evidentiary hearing for counsel to present testimony either in support or in opposition to the admissibility of this document, and further notified counsel that the Court intended to bifurcate liability from damages.

Shortly after this June 3, 2024 Order was filed, Stephen A. Cozen, Esquire, a highly respected member of the Philadelphia Bar and Chairman of the firm of Cozen O'Connor, entered his appearance. This was followed by the entry of appearance by another attorney from the Cozen firm, Elizabeth A. Malloy, Esquire, on June 4, 2024.

The Court references its January 12, 2024 Memorandum (20-2967, ECF 154) that it filed

in a recent case entitled *Abraham v. Thomas Jefferson University, et al.*, following a substantial jury verdict in favor of the Plaintiff, and prior to the undersigned's rulings on post-trial motions. In the January 12, 2024 Memorandum, this Court addressed the entry of appearance of an attorney with the Cozen firm, Brian Flaherty, and noted my practice of recusing when the Cozen firm filed a Complaint or when it entered its appearance in defense of a Complaint already filed, because my close relative, a son-in-law, whose name will not be mentioned here but whose identity is well-known to all concerned, is a shareholder of that firm and under the prevailing Code of Ethics, a district judge should not ordinarily preside over a case involving a law firm in which a relative of that type is an equity partner.[1]

For reasons stated in detail in that prior Memorandum, I declined to recuse in that case at that time. However, after the post-trial motions had been decided, I then recused and another judge was quickly appointed to hear the case. Because that case had already been tried and was on post-trial motions, there was no delay of any kind.

In the present case, which has been pending for over two years, I had presided over complex discovery disputes, and approximately two years ago, entered an order granting certification of a collective class of female school teachers employed by the Defendant who asserted that they were not paid as well as comparable male teachers (21-2587, ECF 55).

Other than that ruling, my supervision of the case has been fairly routine. After cross motions for summary judgment were filed, I promptly entered an order denying both motions and then scheduled the case for a trial beginning as of July 22, 2024.

The entry of appearance of Stephen Cozen, who I have known and admired for many

---

[1] However, this Court notes as relevant the Second Circuit's persuasive decision in Pashaian v. Eccelston Properties, Ltd., 88 F.3d 77, 83-85 (2d Cir. 1996), which affirmed the district judge's decision that recusal is not automatically required anytime a relative of the judge is a partner in a law firm that appears in case assigned to the judge.

2

years and was my classmate at Penn Law School, and his partner Elizabeth Malloy, does not require my automatic recusal for reasons discussed in *Abraham*. Furthermore, my recusal at this time, and reassignment of a case of this nature to another judge so soon before a trial is scheduled to take place beginning July 22, 2024, would be potentially very prejudicial to the Plaintiffs and is generally not a good practice for case management.

As normal when there is a recusal issue, I consulted with my colleague, Honorable Gerald McHugh, who is the Third Circuit representative on the Judicial Conference Code of Conduct Committee and is charged with advising his colleagues on recusal issues.

Judge McHugh wisely suggested that I not automatically recuse at this time, but give either or both parties an opportunity to file a motion for recusal stating the reasons. In this motion, it may be relevant whether either of the parties have any prior representation by the Cozen firm, or other relationships that may be relevant to the Cozen firm entering its appearance.

I also note that as may be relevant, a few weeks ago, as part of our 65th reunion on graduation from Penn Law School, Stephen Cozen and I sat together at a luncheon, where we had a very pleasant discussion on various topics. I also note that my wife and I recently made a donation to the Weitzman Museum in honor of Stephen Cozen, who has been recognized for many Philanthropic awards.

In view of the totality of circumstances here, I have decided the best course of action is not to recuse at this time, but to invite either or both parties to file a motion for recusal and to state in detail any reasons they have in addition to the relationship of my son-in-law.

This motion must be filed within seven (7) days and any response filed within seven (7) days thereafter. I will decide the motion promptly because delay at this time may be unfair to both parties in view of the age of the case and the fact that reassignment to a different judge

would undoubtedly cause a delay in the existing pretrial schedule.

                                                 **BY THE COURT:**

                                      /s/ Michael M. Baylson

                                      _____
                                      **MICHAEL M. BAYLSON**
                                      **United States District Court Judge**