IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REBECCA CARTEE-HARING<br><br>v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT | CIVIL ACTION<br><br>NO. 20-1995 |
|---|---|
| **DAWN MARINELLO,**<br>*individually and on behalf of similarly situated female employees,*<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | CIVIL ACTION<br><br>NO. 21-2587 |

**ORDER**

**AND NOW** this 23rd day of July, 2024, it is ORDERED that the attached Report and Recommendation by Special Master Shira Yoshor, Esquire regarding Federal Rule of Evidence 1006 is approved.

BY THE COURT:

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| REBECCA CARTEE-HARING, | No. 2:20-cv-01995-MMB |
| Plaintiff, | |
| vs. | |
| CENTRAL BUCKS SCHOOL DISTRICT, | |
| Defendant. | |
| | |
| DAWN MARINELLO, individually and on behalf of similarly situated female employees, | No. 2:21-cv-02587-MMB |
| Plaintiffs, | |
| vs. | |
| CENTRAL BUCKS SCHOOL DISTRICT, | |
| Defendant. | |

**REPORT AND RECOMMENDATION OF SPECIAL MASTER
REGARDING PROPOSED SUMMARY CHARTS
TO BE OFFERED AS EVIDENCE AT TRIAL**

      This matter comes before the Special Master, by the Order of the Court dated June 13, 2024, (Dkt. 171) regarding appointment of the undersigned to review and report on the proposed use of summary charts. Each side has requested to use charts to summarize evidence including details regarding when Plaintiffs and employees of Central Bucks School District were hired, their years of experience, and where they were placed under the Defendant Central Bucks School District's Guidelines.

      Under Federal Rule of Evidence 1006, "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot

1

be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court."

As explained by the late Judge Pratter in *Su v. E. Penn Mfg. Co.,* No. CV 18-1194, 2023 WL 2796120, at *4–5 (E.D. Pa. Apr. 5, 2023), "To have a summary admitted, the proponent of a summary must lay a proper foundation and show that the summation is accurate." *Id., citing United States v. Malik*, 424 F. App'x 122, 128 (3d Cir. 2011). Decisions regarding the admissibility of Rule 1006 evidence are within the broad discretion of the trial court. *United States v. Bansal*, 663 F.3d 634, 668 (3d Cir. 2011).

Other courts in this Circuit have clarified that "[a] Rule 1006 summary chart need not accurately reflect *all* the facts in the case; it merely must accurately represent the facts *that it purports to summarize.*" *United States v. Lynch*, 735 F. App'x 780, 786 (3d Cir. 2018) (emphasis added). "So long as they are accurate, however, such summaries may present only one party's side of the case." 2 McCormick on Evid. § 241 (7th ed.). The fact that one party's proposed summary may not include all the related information does not undermine its admissibility as long as it accurately reflects the information it does include. On cross-examination, the other party may show the jury that there is more to the story. *See Lynch*, 735 F. App'x at 787 *(*citing also *United States v. Nivica*, 887 F.2d 1110, 1125–26 (1st Cir. 1989)) to support its conclusion that that summaries' failure to reflect "total financial activity" "affect[s] ... weight rather than the admissibility" and that "if there were gaps in the charts, the defense ... had every opportunity to exploit them").

The parties in this case met several times and have agreed that the factual information contained in the summary charts proposed as P. Ex. 1 and D. Ex. 509 are based on data that has been verified. The parties agree that these charts are accurate. If the parties had to submit

2

the underlying evidence rather than the summary charts, it would take volumes of exhibit binders and hundreds, if not thousands, of hours of testimony. The presentation of these summary charts is both efficient and accurate, which meets the directives of Federal Rule of Evidence 1006.

## CONCLUSION

For these reasons, the undersigned recommends that the Court grant admission of P. Ex. 1 and D. Ex. 509 (not attached).

Signed this 22nd day of July, 2024.

*/s/ Shira R. Yoshor*

_____
Shira R. Yoshor, Special Master
Greenberg Traurig LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
215-988-7806
yoshors@gtlaw.com

3

4

**SERVED ON COUNSEL OF RECORD:**

| **Plaintiffs' Counsel:** | **Defendant's Counsel:** |
|---|---|
| Edward S. Mazurek<br>THE MAZUREK LAW FIRM, LLC<br>25201 Cornerstone Drive<br>Yardley, PA 19067<br>267.243.3393<br>emazurek@mazureklawfirm.com<br><br>*Attorney for Plaintiffs* | Michael I. Levin, Esq.<br>David W. Brown, Esq.<br>Anthony Petro, Esq.<br>LEVIN LEGAL GROUP, P.C.<br>1800 Byberry Road, Suite 1301<br>Huntingdon Valley, PA 19006<br>215.938.6378<br>mlevin@levinlegalgroup.com<br>dbrown@levinlegalgroup.com<br>apetro@levinlegalgroup.com<br><br>*Attorneys for Defendant* |