IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN MARINELLO,** *on behalf of herself and similarly situated plaintiffs*, <br><br> *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** <br><br> *Defendant*. | **CIVIL ACTION NO. 21-2587** |
| **REBECCA CARTEE-HARING,** <br><br> *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** <br><br> *Defendant*. | **CIVIL ACTION NO. 20-1995** |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SPECIAL MASTER**

**Baylson, J.**                                                                                                          **April 9, 2025**

Plaintiffs Dawn Marinello and Rebecca Cartee-Haring allege that Defendant Central Bucks School District violated the Equal Pay Act ("EPA") by giving more credit to male teachers for prior teaching experience than the female Plaintiffs for purposes of salary determinations. A second trial in this case is scheduled to commence on May 5, 2025. Defendant now asks the Court to appoint a Special Master to assist in verifying the accuracy of at least eleven charts summarizing data from more than 600 male teachers regarding the wages paid to men in the district. Defendant asserts that to establish a prima facie case under the EPA, Plaintiffs must show that they were paid less than the average of male comparators, which are "all men" in the school district.

Because Defendant misapprehends the law in this Circuit on Plaintiff's burden to establish a prima facie case under the EPA, the Court will **DENY** Defendant's Motion.

## I. PROCEDURAL HISTORY

These consolidated cases have a lengthy procedural history that has been covered extensively in other of the Court's memoranda, including the Court's memorandum in Jakubik v. Gibson, Civil Action No. 25-33, ECF 8. The Court here will only summarize the procedural history relevant to the instant Motion.

After a five-day trial of these cases held between July 23, 2024 and July 30, 2024, the jury was unable to reach a verdict and the Court declared a mistrial. ECF 305. At the trial, which was conducted as a collective action under 29 U.S.C § 216(b), Plaintiffs' Counsel proceeded on a theory that all male teachers in the school district are valid comparators to all female teachers. Plaintiffs' Counsel further argued that essentially all professional employees—including, for instance, teachers, nurses, psychologists, and counselors—perform substantially equal jobs and are therefore proper comparators of one another.

Following the mistrial, the Court issued several orders to set forth parameters for further proceedings in this case, including for any second trial. *First*, on August 1, 2024, the Court decertified the collective action, finding after trial that the opt-in female plaintiffs comprising the collective class were not similarly situated, as required to maintain a collective action under the Fair Labor Standards Act. ECF 313.[1] The Court permitted individual Plaintiffs, including the two named Plaintiffs in these cases, to initiate their own lawsuits. Id. *Second*, on August 23, 2024, the Court issued an Order: (1) reiterating that the case would proceed on only the two named Plaintiffs' claims; (2) rejecting Plaintiffs' Counsel's arguments at the first trial that all male

---

[1] All docket references are to Marinello v. Central Bucks School District, No. 21-2587.

teachers are valid comparators to all female teachers and that all professional employees in the school district are valid comparators to one another; (3) and rejecting Defendant's position that a state certification of a teacher in a particular subject is binding for determining whether the comparators perform substantially equal jobs. ECF 326. The Court also required Plaintiffs to name a single proposed male comparator who Plaintiffs assert received more pay than Plaintiffs, for a specified time period. Id.

In response to the Court's Order, on September 22, 2024, Plaintiffs filed an offer of proof designating John Donnelly as the named comparator for both Plaintiffs, Dawn Marinello and Rebecca Cartee-Haring. ECF 327. Plaintiffs also included a request to designate an additional fifteen male teacher comparators. Id. On September 30, 2024, following an unrecorded status conference with the Court, the Court Ordered Plaintiffs to supplement their offer of proof by designating two proposed male comparators for each of the two named Plaintiffs. ECF 331, ¶ 1. The Court also set a second jury trial to begin November 4, 2024. Id., ¶ 3. On October 7, 2024, Plaintiffs filed their supplemental offer of proof, designating John Donnelly and Malcolm Mosley "as two male comparators [to Ms. Cartee-Haring] who were treated more favorably than she was in compensation by their placements on the Salary Scales." ECF 334 at 2–3. Plaintiffs also designated John Donnelly and James Bunn as comparators to Ms. Marinello. Id. at 3–4.

The parties thereafter filed several motions in limine in anticipation of a second trial.[2] See ECF Nos. 340, 342–345. Plaintiffs, however, did not respond to the three motions in limine filed by Defendant. One of Defendant's motions in limine asked this Court to require Plaintiffs to calculate their EPA damages in accordance with the Third Circuit's Model Jury Instructions ("Model Instructions"). ECF 345. Defendant's memorandum of law cited the Model Instructions

---

[2] A second trial of these cases was postponed from November 4, 2024 because the Special Master appointed by the Court prior to the first trial was not paid in full.

and argued that "[u]nder this instruction, the jury must compare wages paid between Plaintiff and male comparators[.]"  ECF 345-5 at 4.  To facilitate potential settlement of these cases and recognizing that Plaintiffs had failed to respond to Defendant's motion in limine, the Court granted Defendant's motion in limine on damages and ordered Defendant to calculate, "based on the legal authorities cited in their Motion, what Defendant believes are the maximum damages recoverable by each Plaintiff if the jury were to decide the case in their favor[.]"  ECF 351.

Defendant, however, provided no damages calculation.  On February 3, 2025, Defendant filed a memorandum contending that Plaintiffs' claims must be dismissed because their damages are zero.  Defendant manipulated various groupings of male teachers in the school district (summarized in a chart on page 8 of the memorandum), averaged the wages of the male employees generally across the district and across various categories, and argued that because "such [average] wages are less than the starting wages of the Plaintiffs," Plaintiffs' case must be dismissed.  ECF 358.  Defendant did not calculate damages with respect to the two named comparators that each Plaintiff had designated in their supplemental offer of proof on October 7, 2024, pursuant to this Court's Order.

The Court then issued a second Order on February 11, 2025 to tease out the parties' damages calculations, requiring both Plaintiffs and Defendant to "calculate any potential damages **in strict accordance with the Third Circuit Model Jury Instructions, Sections 11.3.2–3**."  ECF 359 at 2 (emphasis added).  The Court cited the Third Circuit's non-precedential decision in Heller v. Elizabeth Forward School District, 182 F. App'x 91 (3d Cir. 2006), which affirmed that "whether the [comparator's] jobs are similarly situated is a fact issue appropriate for the jury" and affirmed that the district court's remedy for the plaintiffs "in line with their [seven] comparators" was appropriate.  Id. (citing Heller, 182 F. App'x at 94–96).  The Court further commented that

4

Defendant's position on damages, providing that Plaintiffs are entitled to no damages should they prevail at trial on liability, is "antithetical to a 'just result.'" Id. at 4 n.5 (quoting Eshelman v. Agere Systems, Inc., 554 F.3d 426, 440 (3d Cir. 2009)). And the Court stated that it will "not depart from the Third Circuit's Model Jury Instructions, which, by comparing Plaintiffs' wages to those of her designated comparator(s), provides an efficient and fair way to calculate Plaintiffs' potential damages." ECF 359 at 4 n.5. The Court's Order "advise[d] counsel and the parties that if either or both parties fail to follow these instructions and fail to use the Third Circuit Model Jury Instructions as the exclusive authority for their calculations, sanctions will be imposed[.]" Id. at 4.

On February 24, 2024, Plaintiffs responded first by objecting to the use of the Third Circuit's Model Instructions which "do not fit" the facts of this case and then submitting calculations of backpay damages using the averages of the two designated male comparators, Donnelly and Mosely.³ ECF 360 at 10–11. Defendant filed its response to the Court's Order on February 25, 2025, doubling down on its position that the Third Circuit's Model Instructions require calculating Plaintiffs' damages with respect to the average wages based on a grouping of comparators and not with respect to the two individuals named as comparators. ECF 361.

On February 27, 2025, the Court ordered that the second trial would begin on May 5, 2025. ECF 363, ¶ 1. The Court stated that it "intends to limit the Plaintiffs' evidence to the two male comparators identified in ECF 334." Id., ¶ 10. On March 31, 2025, Defendant filed the instant Motion for Appointment of Master. ECF 370. Plaintiffs responded on April 4, 2025. ECF 384.

---

³ Plaintiffs' damages calculation includes, without any explanation, backpay damages to the year 2010 notwithstanding that these respective cases were filed in 2020 and 2021, and the Model Instructions provide for only two (non-willful) or three (willful) years of backpay damages.

5

## II. DISCUSSION

Defendant insists that Plaintiffs must earn less than the average salary of groups of male teachers that perform substantially equal work to satisfy their burden of establishing a prima facie case under the EPA. ECF 370, ¶ 2. But Defendant's argument runs contrary to precedent in the Third Circuit and the Model Instructions.

Defendant's argument is primarily based on one Ninth Circuit case from 42 years ago, Hein v. Oregon College of Education, 718 F.2d 910 (9th Cir. 1983), which held that "the proper test for establishing a prima facie case in a professional setting such as that of a college is whether the plaintiff is receiving lower wages than the average of wages paid to all employees of the opposite sex performing substantially equal work[.]" Id. at 916; see ECF 358 at 3, ECF 361 at 5 n.7. However, Hein's rule has not been adopted in the Third Circuit. Barthelemy v. Moon Area Sch. Dist., No. 2:16-CV-00542, 2020 WL 1899149, at *13 n.29 (W.D. Pa. Apr. 16, 2020) ("To the Court's knowledge, [Hein's] rule has almost never been adopted in this Circuit. To the contrary, several District Courts in this Circuit have held that a plaintiff may elect one, single comparator if they so choose.").

The rule in this Circuit is that "in order to prove an EPA claim, a plaintiff need only establish that she was paid differentially because of her sex with respect to a single male employee." Ryan v. General MacHine Products, 277 F. Supp. 2d 585, 596 (E.D. Pa. 2003) (Baylson, J.); Dubowsky v. Stern, Lavinthal, Norgaard & Daly, 922 F. Supp. 985, 990–91 (D.N.J. 1996) ("[A] [p]laintiff need not establish a pattern and practice of sex discrimination. To the contrary, she need only establish that she was paid less than a single male employee for equal work on the basis of sex to prevail on her claim."). As the Fourth Circuit more recently held: "An EPA plaintiff is not required to demonstrate that males, as a class, are paid higher wages than females, as a class, but only that there is discrimination in pay against an employee with respect to one

6

employee of the opposite sex." U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin., 879 F.3d 114, 122 (4th Cir. 2018).

The Third Circuit's Model Jury Instructions support this position. Each Model Instruction is written in both the singular and plural form when describing a plaintiff's named comparator. See e.g., Model Instruction, Section 11.1.1 ("For [plaintiff] to prevail on her claim against [defendant] for violation of the Equal Pay Act, [plaintiff] must prove all of the following elements by a preponderance of the evidence: First: [Defendant] has employed [plaintiff] and **(a) male employee**(s) in jobs requiring substantially equal skill, effort and responsibility; Second: the two jobs are performed under similar working conditions; and Third: [Plaintiff] was paid a lower wage than the **male employee**(s) doing substantially equal work." (emphasis added)). The logical implication is that a plaintiff can satisfy her burden of a prima facie EPA case by comparing her job to that of a single male employee performing a job of substantially equal skill, effort and responsibility.

Importantly, Defendant's argument is inconsistent with the Third Circuit's unpublished opinion in Heller. As this Court has already cited, the Third Circuit in Heller affirmed the district court's remedy providing relief to the plaintiffs with respect to the seven named comparators that the plaintiffs identified, not an averaging of some abstract grouping of comparators.

Defendant only points to one other district court opinion within the Third Circuit which adopted the rule from Hein: Lemke v. Int'l Total Servs., Inc., 56 F. Supp. 2d 472 (D.N.J. 1999), aff'd, 225 F.3d 649 (3d Cir. 2000). However, Lemke, which was affirmed by the Third Circuit without a full opinion, is inapt as the Lemke court acknowledged in a footnote that it adopted the rule from Hein because the plaintiff made no argument that Hein should not be applied. Id. at 490 n.16; see Barthelemy, 2020 WL 1899149, at *13 n.29 ("The Court found only one case in this

7

Circuit [Lemke] that followed the Hein rule, ostensibly because the rule was proffered by the defendant and the plaintiff failed to rebut it.").

Accordingly, the Court on August 23, 2024 required Plaintiffs to identify a male comparator whom they allege was paid more for substantially equal work. ECF 326. Recognizing, as the Second Circuit did in Lavin-McEleney v. Marist College, 239 F.3d 476 (2d Cir. 2001), that Plaintiffs may have difficulty making a prima facie case with only one comparator if the jury determines that comparator did not perform substantially equal work, the Court required Plaintiffs to supplement their offer of proof with a second comparator for each named Plaintiff. ECF 331. Additionally, the Court has provided Plaintiffs the opportunity to present expert statistical testimony to support their prima facie case. ECF 363, ¶¶ 2–3. But the Court has made clear that the second trial will proceed based on the two male comparators that each of the Plaintiffs named in their supplemental offer of proof. Id., ¶¶ 10–11. In this district, that is all that is required of Plaintiffs to establish a prima facie case.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Appointment of a Special Master (ECF 370) is **DENIED**.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 20\20-1995 Cartee-Haring v Central Bucks Sch\20cv1995 and 21cv2587 Memo re Mot. Special Master.docx