IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN MARINELLO,** *on behalf of herself and similarly situated plaintiffs*, <br><br> *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** <br><br> *Defendant*. | CIVIL ACTION NO. <br><br> 21-2587 |
| **REBECCA CARTEE-HARING,** <br><br> *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** <br><br> *Defendant*. | CIVIL ACTION NO. <br><br> 20-1995 |

**MEMORANDUM RE: PLAINTIFFS' POST-TRIAL RULE 50 MOTION**

**Baylson, J.**                                                                                      **April 9, 2025**

Plaintiff Dawn Marinello, on behalf of herself and similarly situated plaintiffs, brought a collective action against Defendant Central Bucks School District ("Defendant" or "Central Bucks"), alleging that Central Bucks paid female teachers less than male teachers in violation of the Equal Pay Act ("EPA"). Plaintiff Rebecca Cartee-Haring separately filed a Complaint against Central Bucks alleging unlawful discrimination under the EPA.[1] The Court initially certified the cases to proceed as a collective action and allowed women teachers to "opt-in" as plaintiffs.

---

[1] All ECF references in this Memorandum, unless otherwise stated, are to the Marinello v. Central Bucks docket (Case No. 21-2587).

The cases were tried in July 2024, but the jury could not reach a verdict, and the Court declared a mistrial on July 31, 2024.[2]  ECF 305.  Both sides subsequently filed post-trial Motions under Rule 50 of the Federal Rules of Civil Procedure.  On March 21, 2025, the Court denied Plaintiffs' Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial.[3]  ECF 318.

The Court now files this Memorandum to state the reasons for its Order denying Plaintiffs' post-trial Motion.

I.     RELEVANT FACTUAL BACKGROUND

These cases have a long history and familiarity with the facts is presumed.  Accordingly, the Court will only briefly summarize the pertinent facts below.

Plaintiffs are women who are or were employed by Central Bucks and who contend that they were not given full credit for prior teaching experience when placed on Central Bucks' salary scales as compared to their male counterparts.  Defendant Central Bucks is a public school district in Bucks County, Pennsylvania and an employer within the ambit of the EPA.

In each year from at least 1985 through the present, Central Bucks has maintained Salary Schedules applicable to all fulltime faculty members employed by Central Bucks.  Tr. (7/23/2024) at 50:2–51:8.  These Salary Schedules, which consist of (1) rows (alternatively called "steps") and (2) columns, mandate a Central Bucks teacher's annual salary.  The rows relate, in some fashion, to years of teaching experience.[4]  The columns are based on college degrees and additional post-

---

[2] The Court has since scheduled a second trial to begin on May 5, 2025, and consolidated these two cases for trial. ECF 364.

[3] The Court continues to hold Defendant's Motion for a Directed Verdict, ECF 319, under advisement pending the second trial.

[4] The parties dispute whether the rows equate to years of teaching experience directly (Plaintiffs' position) or whether Central Bucks has recognized certain "relevant" experience for purposes of placement on the salary scale during some

2

bachelor credits. The parties ultimately dispute whether Central Bucks has treated men and women equally under the EPA in its placement of men and women on the Salary Scale.

## II. PROCEDURAL HISTORY

On April 22, 2020, Plaintiff Cartee-Haring filed a Complaint alleging unlawful discrimination under the EPA, Civil Action No. 20-1995, ECF 1, and on June 8, 2021, Plaintiff Marinello also filed a Complaint alleging similar violations of the EPA and containing allegations for the case to proceed as a collective action. ECF 1. On November 24, 2021, this Court consolidated the two cases for all purposes except trial. ECF 17.

On February 28, 2022, Plaintiff Marinello filed a motion for certification of her EPA claim as a collective action under 29 U.S.C § 216(b), ECF 27, on behalf of herself and similarly situated female teachers. The Court held hearings on the certification motion on June 14, 2022 and June 28, 2022, ECF 40, ECF 49, and on August 24, 2022, the Court granted final certification of the collective action, ECF 55. The certified collective class included:

> All women teachers employed by the District from 2000 through the present who have been subject to compensation under the District's applicable Salary Schedules who were treated less favorably than male teachers employed by the District from 2000 through the present with respect to compensation under the applicable Salary Schedules.

See ECF 55. On November 6, 2022, female teachers began opting into the litigation. ECF 64. As the docket reflects, contentious discovery between the parties followed.

On April 5, 2024, Central Bucks filed a Motion for Summary Judgment (ECF 161) as well as a Motion to Decertify the Collective Action (ECF 159), and Plaintiffs filed a Motion for Partial Summary Judgment (ECF 163). In its Memorandum and Order dated May 15, 2024, and in

---

years only (Defendant's Position). See, e.g., Tr. (7/29/2024), ECF 308 at 123:9–13, 125:4–13 (Plaintiffs' position); Tr. (7/30/2025), ECF 309 at 34:23–35:6 (Defendant's position).

3

consideration of the existence of genuine disputes of material fact, this Court denied both motions for summary judgment, and denied Central Bucks' Motion to Decertify the Collective Action. ECF 179.

On May 17, 2024, the Court Ordered Plaintiffs to prepare and file within 14 days a "protocol" identifying all documents and other evidence showing valid "comparators" for admission at trial under Federal Rule of Evidence 1006 in lieu of all members of the collective class testifying individually at trial. ECF 185. On June 11, 2024, the Court filed a notice of its intent to appoint a special master pursuant to Federal Rule of Civil Procedure 53 to review both parties' protocol submissions and the data underlying the protocols and prepare a Report and Recommendation regarding admissibility under Federal Rule of Evidence 1006. ECF 204. On June 13, 2024, the Court appointed Shira Yoshor, Esq., an attorney at Greenberg Traurig, LLP, as a special master on evidentiary issues. ECF 208. Following an evidentiary hearing held on June 18, 2024, and numerous meetings between the parties and Ms. Yoshor to ensure accuracy in the parties' charts, Ms. Yoshor recommended the admission of the parties' charts under Federal Rule of Evidence 1006. This Court approved Ms. Yoshor's Report and Recommendation. ECF 283.

On July 3, 2024, the Court issued a scheduling order (1) allowing Plaintiffs to designate three or four representative female teachers from the collective class to testify, (2) requiring Plaintiffs to file an offer of proof identifying on or more male comparators to testify at trial, and (3) requiring Defendant to file a trial brief identifying up to three or four additional male comparators. ECF 229. Plaintiffs, however, did not file any offer of proof. On July 16, 2024, the Court ordered that Plaintiffs "must file the required offer of proof no later than **noon tomorrow, July 17, 2024**" because "Plaintiffs have failed to follow this Court's July 3, 2024 Order … requiring Plaintiffs to file an offer of proof identifying one or more male comparators to testify at

4

trial by July 12, 2024[.]" ECF 207 (Civil Action No. 20-1995). Plaintiffs on the same day filed an offer of proof, but did not identify three or four male comparators. Instead, Plaintiffs identified one male employee, Keith Sinn, who was to testify at trial that all men in the school district are valid comparators to all women in the school district. ECF 255.

On July 17, 2024, following Plaintiffs' refusal to identify specific male comparators at trial as this Court required, this Court issued an order "reject[ing] as inconsistent with Third Circuit case law Plaintiffs' proposal that all teachers, men and women, are comparators to each other." ECF 262. The Court indicated that trial would proceed with the two named Plaintiffs and three or four other female teachers designated by Plaintiffs, as comparators to the same number of male teachers designated by Plaintiffs as alleged comparators. Id. The Court further ordered that if Plaintiffs have Third Circuit precedential authority supporting their position, they must provide it to the Court forthwith. Id. Plaintiffs subsequently filed a memorandum citing several cases that did not support their proposition. ECF 264.

The Court also ordered on July 17, 2024 that counsel for both parties have designated representative witnesses as well as any persons designated as comparator witnesses present at an evidentiary hearing scheduled one day prior to trial on July 22, 2024. ECF 263. The Court held the evidentiary hearing on July 22, 2024, but Plaintiffs only brought one male witness to the hearing, Keith Sinn, who was not a comparator but rather was to testify that "all teachers perform substantially equal work" and thus all males are comparators to all females. Evid. Hearing Tr. (7/22/2024), ECF 293 at 14:23–15:1.

The case proceeded to trial, which began on July 23, 2024 and ended on July 30, 2024. On the first day of trial, prior to opening statements, the Court ruled from the bench that "[t]he Plaintiff will have to identify male comparators as required by the Third Circuit and other courts[.] … Now,

5

as we've discussed, Plaintiff's counsel was delayed in doing this without any good reason." Tr. (7/23/2024), ECF 294, at 4:10–11. The Court required the plaintiffs to present testimony of three male comparators. Id. While Plaintiffs' counsel reluctantly identified three individuals to be specific male comparators, Plaintiffs' counsel did not call any of them as witnesses at trial.

After deliberation, the jury was unable to reach a unanimous verdict. ECF 305. Following the jury's initial report of deadlock with respect to the twelve questions on the verdict slip, the Court required the jury to try to reach a verdict on only the first and third questions, which address the key questions of whether Plaintiffs proved their prima facie case by a preponderance of the evidence and whether Defendant proved, by a preponderance of the evidence, their affirmative defense that any discrimination was based on a factor other than sex. Tr. (7/30/2024), ECF 309 at 110:7–16. The jury returned to deliberate but was ultimately unable to reach a unanimous decision on either of these two questions. This Court then declared a mistrial and required the parties to file any post-trial motions by August 9, 2024. ECF 305.

On August 1, 2024, in light of the jury trial where it became clear that all Plaintiffs are not similarly situated, as required to sustain a collective action under the Equal Pay Act, this Court decertified the collective action. ECF 313. This Court made clear that (1) the individual Plaintiffs may initiate their own lawsuits if they believe that they can present facts in support of their assertions that their claims are not barred by the statute of limitations and (2) the decertification decision is not intended to impact the ability of the two named Plaintiffs, Rebecca Cartee-Haring and Dawn Marinello, to proceed further with respect to their individual cases. ECF 313, 315.

On August 9, 2024, Plaintiffs filed a Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial, ECF 318, and Defendant filed a Motion for Directed Verdict, ECF

319. On August 15, 2024, Defendant filed a Response in Opposition to Plaintiffs' Motion.[5]  ECF 322.

### III. SUMMARY OF TRIAL WITNESSES

Plaintiffs presented the testimony of six witnesses during their case in chief:

- **Joan Collier**, primarily a learning support teacher at Central Bucks from August 2000 until June 2015.

- **Keith Sinn**, a union representative and high school chemistry teacher who has been teaching at Central Bucks continuously since 1992.

- **Cara Alderfer**, current union president for Central Bucks since October 2023, prior union representative in the district, and an elementary art teacher at Central Bucks since 2004.

- **Dawn Marinello**, named Plaintiff and English teacher at Central Bucks since 2016.

- **Samantha Gambles**, a mathematics and special education teacher at Central Bucks from August 2014 to June 2022.

- **Rebecca Cartee-Haring**, named Plaintiff and English teacher at Central Bucks since 2007.

Defendant presented the testimony of three witnesses during their case:

- **Lisa Corr**, Director of Human Resources at Central Bucks since December 2022.  Prior to that, Ms. Corr had worked as a school counselor and long term per diem substitute in Central Bucks since August 2005.

- **Ellis Katz**, expert and attorney with experience in negotiating school district collective bargaining agreements.

---

[5] Following the mistrial, the Court has issued several Orders and Memoranda clarifying the parameters for a second trial.  Many of these later developments are addressed in the Court's Memorandum filed in the related case Jakubik v. Gibson, Civil Action No. 25-33, at ECF 8.  Because these developments do not directly relate to Plaintiff's instant Motion, the Court does not address them in this Memorandum.

- **Jean Pocalyko**, expert and former director of human resources at four Pennsylvania public school districts (not Central Bucks).

IV.    PARTIES' CONTENTIONS

   A. **Plaintiffs' Motion for Judgment as a Matter of Law, or in the Alternative, New Trial**

Plaintiffs move for judgment as a matter of law, or in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 50 with respect to the named Plaintiffs and, notwithstanding this Court's Order decertifying the collective action, all the opt-in Plaintiffs. Ignoring this Court's post-trial decertification Order, Plaintiffs' Counsel argues that the trial evidence establishes that male teachers employed by Central Bucks performed work of substantially equal skill, effort, and responsibilities under similar working conditions relative to all Plaintiffs, including opt-in Plaintiffs. Citing Barthelemy v. Moon Area School District, No. 16-00542, 2020 WL 1899149 (W.D.Pa. Apr. 16, 2020), Plaintiffs reiterate their pre-trial argument that all teachers—whether classroom teacher, nurse, school psychologist, or guidance counselor—perform substantially equal work. ECF 318-1 at 5–11. Plaintiffs also assert that the trial evidence establishes that male teachers employed by Central Bucks were paid more than Plaintiffs by being given credit for all or more than all of their years of prior teaching experience when placed on the Salary Scales. Id. at 11–15. Plaintiffs lastly argue that Defendant has not adduced evidence which would establish that the Equal Pay Act's affirmative defense of "factor other than sex" applies here. Id. at 16–18.

   B. **Response in Opposition to Plaintiffs' Motion**

In response to Plaintiffs' Motion, Defendant argues that Plaintiffs failed to establish a prima facie case, and that Plaintiffs' insistence that all male teachers are valid comparators without presenting evidence as to specific individuals' job functions precludes a Rule 50 finding in their

8

favor. Defendant asserts that Plaintiffs only identified three male comparators "when forced to do so by the Court," and even then, failed to compare any of the three comparators to any specific Plaintiff or present any evidence that the male comparators performed substantially equal work to the Plaintiffs, as required to establish a prima facie case. ECF 322 at 2–11.

Defendant notes that the two named Plaintiffs were high school English teachers, and none of three male comparators—James Bunn, Walter Sandstrom, and John Donnelly—were high school English teachers. Id. at 5. James Bunn was hired in a non-teaching position as a "community development specialist," and his duties later changed so that he spent 50 percent of his time working as a community development specialist and 50 percent of his time working as a teacher. Id. The position of community development specialist is not included in the teachers' collective bargaining unit. Id. Walter Sandstrom was hired as a guidance counselor. Id. at 5–6. Defendant argues that none of the trial witnesses testified about Mr. Sandstrom's specific skills, effort, or responsibilities as guidance counselor. Id. Defendant asserts that John Donnelly was hired as both a high school history and football coach, and Plaintiffs did not present any specific evidence as to his skills, effort or responsibilities in his role. Id. at 6.

Defendant also argues that Plaintiffs' reliance on Barthelemy is misplaced because, in that case, unlike in the instant case, (1) the school district defendant never challenged the plaintiffs' assertion that teachers perform substantially equal work and (2) the plaintiffs and comparators were all classroom teachers, as opposed to the mix of classroom teachers, guidance counselors, school psychologists, and others in this case. Id. at 6–7. Defendant asserts that Plaintiffs' failure to present specific evidence of the skills, effort and responsibility of the three named male comparators, and their continued argument that all teachers perform substantially equal work are fatal detects justifying denial of Plaintiffs' Motion and judgment for Defendant as a matter of law.

Additionally, Defendant argues that Plaintiffs presented no evidence that their alleged male comparators were paid more than Plaintiffs were, as the concept of unequal wages is understood for purposes of the Equal Pay Act. Id. at 11–13. Finally, Defendant asserts that Plaintiffs' motion for a new trial should be denied since district courts have an "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," Dietz v. Bouldin, 579 U.S. 4, 47 (2016), and here, Plaintiffs' numerous deficient filings and non-compliance with Court Orders requires dismissal of the case.

V. LEGAL STANDARD

A. Rule 50(b) Legal Standard

Federal Rule of Civil Procedure 50(b) allows a district court to enter judgment as a matter of law "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 249 (3d Cir. 2001) (citation and internal quotation marks omitted). This remedy is to be invoked "sparingly," Marra v. Philadelphia Housing Authority, 497 F.3d 286, 300 (3d Cir. 2007), as a district court may grant judgment as a matter of law "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability," Le Page's, Inc. v. 3M, 324 F.3d 141, 145–46 (3d Cir. 2003) (citation and internal quotation marks omitted). In so doing, the court "may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury." Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 691 (3d Cir. 1993), abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. Of Warrington, 316 F.3d 392 (3d Cir. 2003); see also LePage's, 324 F.3d at 146 ("[R]eview of a jury's verdict is limited to determining whether some evidence in the record supports the jury's verdict."). Likewise, "conflicting evidence which could reasonably

10

lead to inconsistent conclusions will not justify a judgment notwithstanding the verdict. … It is the function of the trier of fact alone . . . to evaluate contradictory evidence and to draw inferences therefrom." Fireman's Fund Ins. Co. v. Videfreeze Corp., 540 F.2d 1171, 1178 (3d Cir. 1976) (citations omitted). Thus, "[n]ormally, when the evidence is contradictory, a JNOV is inappropriate." Bonjorno v. Kaiser Aluminum & Chemical Corp., 752 F.2d 802, 811 (3d Cir. 1984).

### B. Equal Pay Act Claims

Claims under the Equal Pay Act (EPA) follow a two-step burden-shifting framework. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). A plaintiff "must first establish a prima facie case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work' – work of substantially equal skill, effort and responsibility, under similar working conditions." Id. "The burden of persuasion then shifts to the employer to demonstrate the applicability of one of the four affirmative defenses specified in the Act." Id. (internal citations omitted) (emphasis in original). The four affirmative defenses specified in the Act are: (1) a bona fide seniority system, (2) a merit system, (3) a system which measures earnings by quantity or quality of production, and (4) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1).

## VI. DISCUSSION

### A. Plaintiffs Are Not Entitled To Judgment As A Matter Of Law On Their Theory at Trial that "All Men are Comparators to All Women"

Plaintiffs' Counsel's theory at trial was that all men are comparators to all women because essentially all professional employees in the school district perform substantially similar jobs and, therefore, Plaintiffs need not identify specific male comparators. Counsel is incorrect and disregards cases that he himself cites. Indeed, despite admitting that determining substantial

equality is "heavily fact-driven" and "must be determined on a case-by-case basis," ECF 318-1 at 5 (quoting Heller v. Elizabeth Forward School District, 182 F. App'x 91, 95 (3d Cir. 2006) (non-precedential), counsel at trial refused to produce specific comparator witnesses for the jury to properly evaluate the jobs being compared.

Plaintiffs' trial evidence is thus insufficient to establish a prima facie case under the EPA as a matter of law. Plaintiffs' post-trial Motion must be denied.

### 1. Plaintiffs Must Identify Specific Male Comparators

First, Plaintiffs' failure to present the testimony of specific male comparators at trial precludes this Court from finding that Plaintiffs have made a prima facie case. As described earlier in this Memorandum and in other of the Court's Memoranda on this topic, the Court issued multiple orders requiring Plaintiffs to identify three or four specific male comparators to testify at trial. Plaintiffs' counsel refused to do so, and repeatedly argued that all men are comparators during pre-trial and trial proceedings. See, e.g., Tr. (7/23/2024), ECF 294 at 4:10-5:21; Tr. (7/24/2024), ECF 295 at 5:2-6:15.

Plaintiffs, however, have consistently failed to provide any support for their position that they need not identify specific male comparators to establish their prima facie case that men teachers performed work requiring substantially equal skill, effort, and responsibility under similar working conditions as women teachers but were paid more.[6] Indeed, the cases that Plaintiffs cite in their post-trial Motion make clear that specific comparators are in fact necessary for Plaintiffs

---

[6] Plaintiffs' citations to Corning Glass Works v. Brennan, Shultz v. Wheaton Glass, and Usery v. Allegheny County Institution District are inapposite. See ECF 323 at 2–3. In Corning Glass Works, the two jobs being compared were night-shift inspectors, held by men, and day-shift inspectors, held by women. 417 U.S. 188, 191–92, 197 (1974). Similarly, in Wheaton Glass, the Third Circuit compared male selector-packers, categorically paid higher wages, to female selector-packers who were prevented by the collective bargaining agreement from performing certain physical tasks. 421 F.2d 259 (3d Cir. 1970). And in Usery, the comparison was between one job, male barbers, and another job, female beauticians. 544 F.2d 148 (3d Cir. 1976). In the instant case, Plaintiffs did not compare two jobs, but theorized that all men are comparators to all women.

to prove their prima facie case. In Barthelemy v. Moon Area School District, No. 16-542, 2020 WL 1899149 (W.D.Pa. April 16, 2020), for instance, the court explicitly based its analysis of Plaintiffs' prima facie case on the several specific "comparators the Plaintiffs identified." Id. at *5.

Plaintiffs' Counsel repeatedly cites to the Barthelemy court's remark that "a teacher is a teacher is a teacher." Id. at *13. When read in context, however, the court in Barthelemy is addressing the circumstances under which a given comparator is "applicable," i.e., proper, and not whether a comparator need be identified in the first instance, a prerequisite. More specifically, the Barthelemy Court notes that a comparator can be valid even if not hired in the same year by the same administrators as the woman teacher. Id. at *13. Thus, after the plaintiffs identified 18 comparators, the court found that the comparators were valid despite not being an "apples to apples" comparison for equal work purposes with the plaintiff teachers. Id. This proposition provides no support for Plaintiffs' assertions that it need not identify specific male comparators.

The Third Circuit's finding in Heller similarly does not relieve Plaintiffs of their burden to identify specific male comparators:

> When making out a prima facie case, a plaintiff need only show that the jobs being compared are substantially equal, not necessarily that they are identical. [citation omitted]. The EPA defines what constitutes equal work as jobs that require equal skill, effort, and responsibility. Additionally, when a court assesses the substantial equality between jobs, it should rely on actual job performance and content rather than job descriptions. Moreover, because of the heavily fact-driven character of the inquiry, substantial equality must be determined on a case-by-case basis. Depending on the facts and the evidence presented, the proper comparator might be another teacher within the same certification class.

Heller, 182 F. App'x. at 95. In light of the Third Circuit's holding that substantial equality "must be determined on a case-by-case basis," i.e., by direct comparison to "proper comparator[s]," it is incongruous to argue that substantial equality could be assessed, much less

13

ultimately found, simply by asserting that "all men" are comparators to "all women." Plaintiffs' argument holds no water under the caselaw, and moreover, defies common sense. See Houck v. Va. Polytechnic Inst., 10 F.3d 204, 206 (4th Cir. 1993) (Plaintiff "may not compare herself to a hypothetical male with a composite average of a group's skill, effort, and responsibility, but must identify a particular male for the inquiry").

Additionally, the Third Circuit's EPA Model Jury Instructions require that the jury, in deciding substantial equality, compare "two jobs," one held by the Plaintiff and the other held by the male employee(s):

> In determining whether [plaintiff's] job required substantially equal skill, effort, and responsibility as that of the male employee(s), you must compare the jobs and not the individual employees holding those jobs. It is not necessary that the two jobs be identical; the Equal Pay Act requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant, insubstantial, or trivial differences do not matter and may be disregarded. Job classifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.

Third Circuit Model Jury Instructions 11.1.1. Identifying a male comparator is a logical prerequisite to rendering such a comparison.

After several orders from the Court, Plaintiffs purported to identify three male comparators: John Donnelly, James Bunn, and Walter Sandstrom. But Plaintiffs identified little about these comparators beyond their names. Plaintiffs did not call any of the three male comparators to testify. There is little evidence in the record about their actual jobs, let alone the specifics of the skill, effort, and responsibility each comparator undertakes with respect to fulfilling those jobs, and how those compared to the representative female witnesses from the collective class.

### 2. Whether "All Teachers" are Proper Comparators

Rather than identify specific comparators, Plaintiffs attempted to elicit testimony at trial that all teachers—regardless of whether they are classroom teachers, school nurses, school psychologists, or special education teachers—are similarly situated, perform "work of substantially equal skill, effort and responsibility, under similar working conditions," Stanziale, 200 F.3d at 107, and are therefore comparators of one another. Relevant excerpts of such testimony can be found at Plaintiffs' direct examination of Keith Sinn in Plaintiff's case (Tr. (7/23/2024), ECF 294 at 86:24–87:21), Plaintiffs' redirect of Keith Sinn (Tr. (7/24/2024), ECF 295 at 36:9–12), Plaintiffs' direct examination of Cara Alderfer (Id. at 40:14–46:18), Plaintiffs' redirect of Cara Alderfer (Id. at 57:2–9), and Plaintiffs' direct examination of Keith Sinn in Defendant's case (Tr. (7/29/2024), ECF 308 at 126:2–128:2).

In establishing an EPA claim, Plaintiffs carry the burden to prove that the jobs "entailed substantially equal skill, effort, and responsibility and was performed under similar working conditions." Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 155 (3d Cir. 1985); see also Angelo v. Bacharach Instrument Co., 555 F.2d 1164, 1171 (3d Cir. 1977) (commenting that "[t]he testimony of the employee witnesses provided little insight into the content of the positions they held"). "The crucial finding on the equal work issue is whether the jobs to be compared have a 'common core' of tasks, *i.e.* whether a significant portion of the two jobs is identical." Brobst, 761 F.2d at 156. "Thus, whether two jobs qualify as equal work depends on whether tasks associated with those jobs make the character or the content of the work substantially similar or substantially different." Rowland v. Certainteed Corp. No. 08-3671, 2009 WL 1444413, at *8 (E.D.Pa. May 21, 2009) (Schiller, J.).

It is undisputed that the jobs of classroom teachers and non-classroom teachers, including nurses, school psychologists, librarians, and guidance counselors, have some very basic features

15

in common.  Tr. (7/30/2025), ECF 309 at 36:7–10 ("Now, we admit that there are some common core skills, absolutely.").  As Keith Sinn testified, all teachers within these categories have active listening skills, crisis response skills, and the skill of "adequate response to student behaviors." Tr. (7/29/2024), ECF 308 at 125:24–128:25.  However, there is no evidence in the trial record that these types of basic skills, overlapping as they may be, form the "common core" of tasks for all disparate categories of teachers.  See Brobst, 761 F.2d at 156.  To equate the work of nurses and classroom teachers simply because the jobs broadly share some features—both categories of employees work in school buildings and interact with students, for example—would require a leap outside of the parameters of the trial record that this Court is not able to undertake.

That being said, and contrary to Defendant's assertions, the existence of a Pennsylvania statute requiring teachers to be certified in the subject(s) they teach does not automatically imply that teachers in different subject areas with different certifications cannot be similarly situated. "When a court assesses the substantial equality between jobs, it should rely on actual job performance and content rather than job descriptions." Heller, 182 F. App'x at 95.  "Depending on the facts and the evidence presented, the proper comparator might be another teacher within the same certification class. … Because of this heavy factual determination, however, the presence of a statute limiting who can teach specific subjects is not determinative for purposes of assessing whether jobs are similarly situated for an EPA claim." Id.  Ultimately, "because of the heavily fact-driven character of the inquiry, substantial equality must be determined on a case-by-case basis." Id.  The School District in Heller argued on appeal that the district court erred when it declined to find, as a matter of law, that teachers with different teaching certificates cannot be considered comparators.  The Third Circuit held that that the Pennsylvania statute is not determinative for purposes of an EPA *prima facie* claim and that the District Court did not err in

denying the motion for summary judgment and concluding that whether the jobs are similarly situated is a fact issue appropriate for the jury.

Therefore, it is a question for the jury whether Plaintiffs' identified male comparators performed jobs of "equal skill, effort, and responsibility" under "similar working conditions," that those individual comparators were paid higher wages than Plaintiffs, and that the Defendant cannot satisfy its affirmative defense that the difference in pay is "based on any other factor other than sex." 29 U.S.C. § 206(d)(1).

* * *

As the Court has now repeated many times following the mistrial, the Court will not allow Plaintiffs' counsel to pursue his failed theory any longer, including at the upcoming second trial on the named Plaintiffs' claims. In accordance with the Court's February 27, 2025 scheduling Order (ECF 363), the Court intends to limit Plaintiffs at the second trial to the two male comparators they identified in their previously filed supplemental offer of proof at ECF 334.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Judgment as a matter of law is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' Motion is **DENIED** as to its request for judgment as a matter of law under Federal Rule 50. Plaintiffs' Motion is **GRANTED IN PART** as to its alternative request for a new trial. A second trial is scheduled for May 5, 2025 as to the two named Plaintiffs only, pursuant to the Court's February 27, 2025 scheduling Order. ECF 363.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 20\20-1995 Cartee-Haring v Central Bucks Sch\21cv2587 and 20cv1995 Rule 50 Memorandum on Plaintiffs' Mot..docx